### CLAIBORNE ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The owners of steam-boats carrying freight and passengers, are commercial partners; and in liquidating the partnership affairs, when some of the partners are insolvent, the other partner cannot withdraw his proportion of the proceeds of the steam-boat, until the partnership debts are first paid.

The proceeds of insurance on a lost steam-boat, owned by several partners are partnership funds, and must be first applied to the payment of partnership debts, in preference to those of the individual owners or partners.

On the 9th February, 1838, Joseph Claiborne and Henry S. Mather, filed their petition and schedule, and prayed for the benefit of the insolvent laws of this state. The petitioners allege that they were three-fourths owners of the steam-boat Marmora, together with one J. Leflicher, who owned the other fourth. That they had embarked all their means in said boat, which was insured for the sum of forty thousand dollars, and shortly afterwards burnt and totally lost in the port of New-Orleans.

They state their interest in the insurance money arising from this loss, with about one thousand dollars in debts and dues owing to the boat, to be all the property or effects that

they own, and that their losses by misfortune in business, exceeds that sum. They pray that a meeting of their creditors be called, and that the surrender of their property, above named, be accepted by their creditors, and that they be discharged.

The creditors had a meeting and appointed a syndic to take charge of and distribute the effects and funds of the insolvents. Leflicher and his assignees of a part of his interest in the steam-boat, sued the insurance office to recover their share of the proceeds of insurance. This suit was united with the insolvent proceedings, and when the syndic filed his tableau of distribution, they made opposition on various grounds, but claimed to be placed on the tableau because they were owners of one-fourth of the steam-boat, and consequently entitled to one-fourth part of the insurance thereon.

The district judge sustained the opposition on this ground, and ordered the tableau to be amended, and that they be paid accordingly. The syndic appealed.

*Preston,* in *propriâ personâ,* as syndic and appellant.

*Castera,* for the opponents, Leflicher, E. Leon Bernard, and G. Julien.

*Eustis, J.,* delivered the opinion of the court.

Claiborne, Mather and Leflicher, were the owners of a steam-boat called the Marmora; the former was the owner of one-half, and the two latter of one-fourth each. The boat was destroyed by fire : she was insured for forty thousand dollars. Claiborne and Mather made a cession of property, transferring to their creditors their interest in the policies of insurance. Leflicher and the assignees of a part of his interest, brought suit against the insurers for his one-fourth of the amount of the insurance. There were other suits which were cumulated with the proceedings of the insolvents, and by a decree of the court, with the consent of the parties, all these suits were consolidated. The effect of this decree, is to make, in point of fact, one suit. Leflicher and the

assignees, became parties to the insolvent proceedings, and we must consider the whole fund as in court, for the purpose of distribution.

The judge of the District Court, on the opposition to the tableau of distribution of the funds made by Leflicher and his assignees, gave them judgment for the proportion of Leflicher's interest in the amount of the insurance, to wit: one-fourth, and gave the creditors of the steam-boat the other three-fourths, and ordered the tableau to be amended accordingly. From this judgment the syndics of the creditors appealed.

This claim of Leflicher and his assignees, for his proportion of the fund, may be considered as involving a demand for a partition and settlement of the partnership concerns. In the article of the Louisiana Code 2861, the rules concerning the partition of inheritances, and the obligations which result from the same, between the heirs, apply to partners. In partition of inheritances, the payment of the debts is the first step taken. Even those due to the heirs who may have paid the debts of the succession, are to be deducted from the active mass before any partition takes place.

We consider that Claiborne, Mather and Leflicher, were commercial partners, and that the funds under the control of the court, are partnership funds, and must be first applied to the payment of the partnership debts, in preference to those of the individual debtor. *Louisiana Code*, 2794. By the tableau, the funds in hand would pay no more than sixty-five per cent. of the debts of the partnership; no part of them can go into the hands of Leflicher, until the partnership debts are paid : the same reason prevents his private creditors from receiving any portion of them until that event.

The judgment of the District Court is, therefore, reversed, and the cause remanded for further proceedings, with directions to the judge to settle and determine the claims of Leflicher, and E. Leon Bernard and Julien, as set forth in their opposition, according to the principles established in this decree.