Eastern Dis. *May,* 1841.

CLAIBORNE & MATHER *vs.* THEIR CREDITORS.

18 502
116 677

## CLAIBORNE & MATHER *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

It is the general and settled jurisprudence, that on the dissolution of a partnership all debts due must be first paid, before there is a division among the partners ; the fund remains a common stock, and pledged for the payment of the debts of the firm.

The partnership in a Steamboat is dissolved by the destruction of the boat, which was the object of the contract of partnership ; and the insurance money, arising from the loss of the boat becomes a fund out of which all the creditors of the partnership must be first paid.

Creditors have a right of preference or privilege on the partnership fund, to be first paid ; and no partner can assign his share, until the debts of the firm are paid.

EASTERN DIS.
May, 1841.

CLAIBORNE
& MATHER
vs.
THEIR
CREDITORS.

So where two partners make a surrender of the partnership affairs with their own, the third partner, who is solvent, cannot take out his share of the partnership fund, until the partnership debts are first paid.

This is the second time, which the present case has been before this court. See 13 *La. Rep.* 279.

Claiborne and Mather were three-fourths owners of the steamboat Marmora, which was destroyed by fire, and J. Leplicher the owner of the other fourth. The boat was insured for $40,000. Claiborne and Mather made a surrender of their property to their creditors; alleging, that all their property or effects consisted in the insurance on the steamboat, and about $1000 due to her, and that by losses and misfortunes their debts exceeded that amount. A syndic was appointed by the creditors of the insolvents, who were also creditors of the boat. Leplicher, and his assignees, Bernard & Julien, to whom he had assigned part of his share in the insurance, opposed the proceedings of the syndic, and alleged they were entitled to receive Leplicher's share; he not having made any surrender. The District Judge sustained the opposition so far as the assignees Bernard & Julien were concerned, for the amount assigned to them by Leplicher; but ordered the Insurance Offices to pay over the balance coming to Leplicher, as well as that due to the insolvents, to the Syndic, and that the costs be paid out of the mass. The Insurance Companies appealed. Leplicher also prayed an amendment of the Judgment, and that he be entitled to receive the balance of his share, after paying his assignees.

*Eustis*, for the appellees, contended.

1. That the Syndic has no power to administer or take under his control any property other than that belonging to the insolvents, represented by him; and

2. Consequently has no right over the property belonging to the appellees; and

3. Could recover from the Insurance Companies only three-fourths of the interest covered by policies, and represented by him.

*Maybin & H. B. Conrad,* for the Insurance Companies and appellants.

EASTERN DIS.
May, 1841.

CLAIBORNE
& MATHER
vs.
THEIR
CREDITORS.

1. They have paid to the Syndic of the creditors of Claiborne and Mather the balance of the proceeds of the policies of insurance effected by them, which payment was made under a decree of the inferior court, rendered May 15, 1839. The payment is shown by the tableau and judgment of the inferior court, page 34, and is not denied. The appellants are therefore protected by a judgment of the inferior court, unappealed from.

2. The point decided against the appellants by the second judgment of the inferior court, has been decided by this court in this same case, and reported 13 La. Rep. 279. The question was whether the opposing creditors, Leon Bernard and others could withdraw the proceeds of the share of Leplicher, before the partnership creditors were all paid.

3. If not decided in this case, the law is settled, that Leplicher and his assignees are entitled to no part of the partnership property, till all the partnership creditors of Claiborne, Mather and Leplicher be fully paid. Leplicher could not make an assignment, because the property was not his; it was partnership property, and it as much belonged to his co-partners, as to him. 10 Martin, 640; 11 Martin, 427; 5 Martin, N. S. 626, 568. On this principle it has been held by this court, that one partner or joint owner cannot sue his partners for a certain portion of the common property; but must sue for a partition and settlement; 3 La. Rep. 136; 13 Idem 435; and the partnership creditors have a privilege on the partnership funds for the payment of their debts. La. Code, 2794; 8 Martin, N. S. 606.

The partnership having been dissolved by the extinction of the thing, Code 2847, one partner, as Leplicher, had less the right to transfer any portion of the partnership funds. 5 Idem, 324; La. Code, 2841-2.

4. The appellants were condemned without having been notified or heard. After the remanding back of the cause no proceedings were notified to them.

*Preston,* syndic in *propria persona.*

CLAIBORNE
& MATHER
vs.
THEIR
CREDITORS.

*Simon, J.* delivered the opinion of the court.

This case was once before us: In conformity with the decision of this court, reported in 13 *La. Rep.* 280, the claims of Leplicher, Leon Bernard and Julien, as set forth in their opposition, were to be settled and determined according to the legal principles therein established. One of those principles was, that the funds under the control of the inferior court, proceeding from the policies of insurance of the steam boat *Marmora*, being partnership funds, *must be first applied to the payment* of the partnership debts, in preference to those of the individual debtor; and that as by the tableaux of distribution, the funds in hand would pay no more than sixty-five per cent. of the said partnership debts, no part of them could go into the hands of Leplicher, until those debts are paid.

But the lower court, in the judgment appealed from and now under consideration, decreed that Bernard and Julien should recover of the two insurance companies, as set forth in the said judgment, the whole amount transferred and assigned to them by Leplicher, to wit: $3364 16; and that the balance (including the residue of Leplicher's portion) of the proceeds of the policies of insurance, as adjusted, after deducting the claims of Bernard and Julien, should be paid over by the said insurance companies respectively to the syndic of the creditors of Claiborne & Mather; to be distributed, according to the tableau, among the creditors of the partnership, and that Leplicher's opposition be dismissed. From this judgment, the insurance companies and the syndic appealed.

Leplicher prays in his answer that the judgment appealed from be amended, and that judgment be rendered in his favor against the insurance companies for his entire interests in the steamer covered by the policies.

The principal point which this cause would present, has already been passed and decided upon by this court in the opinion reported in 13 *La. Rep.* 279; and there it was clearly established that the claim of *Leplicher and his assignees*, for his

proportion of the fund, *being considered as involving a demand for a partition and settlement of the partnership concerns, was subject to the payment of the partnership debts, which is the first step to be taken;* and that none of the partners could be entitled to any part of the common funds, until all the debts are paid. This is in accordance with the general jurisprudence of this court, in which it has been repeatedly held, that on the dissolution of a partnership, all debts due must be paid before there is a division among the partners, and that the property, acquired by a partnership, does not belong to either of the partners separately, but remains a common stock and pledged for the payment of the debts of the firm; 10 *M. R.* 640; 11 *M. R.* 427; 5 *Martin N. S.* 568 *and* 626. The partnership in question was dissolved by the extinction of the thing which was the object of the contract; *La. Code, art.* 2847; and Leplicher had no more right, after the dissolution, to transfer any part of his share or any portion of the partnership fund, to the prejudice of his co-partners or of the creditors of the firm, than one of the heirs of a succession would have before the payment of the debts; 5 *Martin N. S.* 324. The creditors must be paid first, and they have, by law, a right of preference or privilege on the partnership estate for that purpose; *Idem art.* 2794; 8 *Martin N. S.* 606.

We therefore conclude that the district judge erred in changing the destination of a part of the partnership fund, and in ordering the sum of $3364 16 to be paid to Bernard and Julien by the two insurance companies, to the prejudice of the creditors of the firm; this sum, together with the balance coming to Leplicher, must be first applied to the payment of the partnership debts.

But it is urged that the syndic of the creditors of Claiborne & Mather has no right to receive the portion of Leplicher and his assignees; and that as Leplicher has not failed, he is entitled to liquidate his own affairs, to receive his dues, and to pay his own debts: this would be correct, if this case did not present a *concurso* of the creditors of the partnership, who are

EASTERN DIS.
*May*, 1841.

CLAIBORNE
& MATHER.
*vs.*
THEIR
CREDITORS.

It is the general and settled jurisprudence, that on the dissolution of a partnership all debts due must be first paid, before there is a division among the partners; it remains a common stock, and pledged for the payment of the debts of the firm.

The partnership in a Steamboat is dissolved by the destruction of the boat, which was the object of the contract of partnership; and the insurance money, arising from the loss of the boat, becomes a fund out of which all the creditors of the partnership must be first paid.

Creditors have a right of preference or privilege on the partnership estate, to be first paid; and no partner can assign his share, until the debts of the firm are paid.

EASTERN DIS.
May, 1841.

CLAIBORNE
& MATHER
*vs.*
THEIR
CREDITORS.

So where two partners make a surrender of the partnership affairs with their own, the third partner, who is solvent, cannot take out his share of the partnership fund until the partnership debts are first paid.

here represented by their duly appointed syndic. The insolvents, being bound *in solido* with Leplicher, have placed the creditors of the firm on their bilan for the whole amount of their claims, and as all the suits relative to the insolvents' surrender, to the claim set up by Leplicher and his assignees, and to the settlement of the partnership concerns, were consolidated; we may thus fairly consider the creditors of the firm as litigating their rights, through their syndic, with Leplicher and his assignees, and as making opposition to the latter's recovering any part of the proceeds of the policies, until the debts are satisfied; indeed, to bring this matter to a final adjustment, this is, in our opinion, the only course to be pursued. Leplicher and his assignees cannot be allowed to draw any thing from the partnership fund, before the debts are paid, and we see no reason why the syndic of the *concurso* should not be permitted to the liquidation of the concerns, and to appropriate the funds under the tableau to the payment of the partnership debts. It is admitted that the amount of the claims against the firm, as established by proof, is much larger than the fund which is now under the control of the court for distribution; and if so, Leplicher and his assignees, having, as that court said in its first opinion, *become parties to the insolvent proceedings,* it appears to us proper that the final settlement and liquidation should also be made by the syndic of the creditors under the control of the inferior court.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, and this court proceeding to give such judgment, as, in our opinion, ought to have been rendered in the lower court, it is ordered, adjudged and decreed, that the proceeds of the policies of insurance of the steamer Marmora, be paid over by the Louisiana State and the Western Insurance Companies respectively to the syndic of the creditors of Claiborne & Mather, to be distributed among the creditors of the steamer Marmora under the control of the inferior court by a tableau of distribution, filed for that purpose; the appellees paying the costs of this appeal.