## DAVID AKIN *v.* SAMUEL W. OAKEY and others.

The 14 section of the act of Congress of 19 August, 1841, establishing an uniform system of bankruptcy, which declares, "that where two or more persons, who are partners in trade, become insolvent, an order may be made," declaring them bankrupts, " in the manner provided in this act, either on the petition of such partners, or any one of them, or on the petition of any creditor of the partners ; upon which order all the joint stock and property of the company, and all the separate estate of each of the partners, shall be taken," with certain exceptions, "and that the creditors of the company, and the separate creditors of each partner shall be allowed to prove their respective debts," &c., applies to the case of a partner in an existing partnership. It does not apply where the partnership had been dissolved previously to the application to be declared a bankrupt, made by one of its members who had been charged with the liquidation of the debts of the firm. In such a case the interest of the applicant alone vests in his assignees.

APPEAL from the City Court of New Orleans, *Collens,* J.
*Livingston,* for the appellant.
*Peyton* and *I. W. Smith,* for the defendants.

BULLARD, J. Oakey & Co., having obtained a judgment against J. S. Turner, one of members of the late firm of Turner & Woodruff, caused their execution to be levied on the right, title and interest of Turner in certain assets, principally evidences of debt due to the late firm. Akin made opposition and enjoined the proceeding, on the allegation that the whole of the assets had become vested in the assignee of Woodruff, one of the partners, who had become a bankrupt, both individually and as a member of the firm, and that he (Akin) had purchased the whole of the assets, and all the right and title of the firm of Turner & Woodruff, at a marshal's sale, under the decree of the bankrupt court.

The City Court being of opinion that the interest of Turner did not vest in the assignee of Woodruff, and that it consequently did not pass by the purchase made by Aikin at the marshal's sale, dissolved the injunction, and Akin appealed.

It appears in evidence, that the firm of Turner & Woodruff had been dissolved, and that Woodruff was charged with the settlement of the concern, and had possession of the assets for that purpose some time before he went into bankruptcy. His authority as liquidator was not that of a partner: he had no power to dispose of the assets except in discharge of the liabili-

ties of the firm, nor could he bind the partnership by any new engagements.

It has been contended, that the 14th section of the late bankrupt law provides for a case like the present; we are, however, of opinion that it relates to existing partnerships: its language is, " that where two or more persons, *who are partners* in trade, become insolvent, an order may be made in the manner provided in this act, either on the petition of such partners, or *any one of them*, or on the petition of any creditor of the partners; upon which order all the joint stock and property of the company, and also all the separate estate of each of the partners, shall be taken," &c.; "and all the creditors of the company, and the separate creditors of each partner, shall be allowed to prove their respective debts," &c. It goes on to point out the mode of distribution, in such a case, between the creditors of the partnership and those of the separate partners; and finally declares that, "if there shall be any balance of the separate estate of each partner, after the payment of his separate debts, such balance shall be added to the joint stock for the payment of the joint creditors; and if there shall be any balance of the joint stock after the payment of the joint debts, such balance shall be divided and appropriated to and among the separate estates of the several partners according to their respective rights and interests therein, and as it would have been *if the partnership had been dissolved without any bankruptcy ;*" &c.

This section evidently contemplates, we think, the case of a partner of an existing partnership going into bankruptcy, and provides for the administration, by his assignee, of all the assets for the benefit of the joint and separate creditors.

There is another strong reason for giving this construction to the act of Congress. It provides, that on the petition of one of the partners alone, not only all the partnership effects, but all the separate property of one of the partners who does not petition, shall be taken and subjected to the administration of the assignee.

Such was in substance the principle recognized by this court in the case of *Claiborne et al.* v. *Their Creditors*, 13 La. 279. See, also, *Tyler* v. *His Creditors*, 9 Robinson, p. 372.

The interest which vested in the assignee of Woodruff was precisely such as he had when he went into bankruptcy; and so far as relates to Turner's interest, he was acting as a mandatary for purposes of liquidation, and not as partner. Akin acquired under the sale only the interest vested in the assignee.

*Judgment affirmed.*