## No. 133.—Succession of CYRUS W. STAUFFER. Opposition of KATE M. JONES et al. to Account, etc.

The claim of the widow and heirs of one thousand dollars, allowed by the statute of 1852, out of the succession of the husband and father, can not be taken from the funds of a partnership of which the deceased husband was a member, while the partnership debts are unpaid, and before a division of the assets are made between the partners.

APPEAL from the Parish Court of Natchitoches. *Hiestand,* Parish Judge. *Jack & Pierson,* for appellant. *Pierson & Levy,* for opponents, appellees.

LUDELING, C. J. Cyrus W. Stauffer was a member of the commercial firm of Stauffer & Co. at the time of his death. His widow administered his estate, and took possession of the property and assets of the commercial partnership. The account and schedule of debts filed by the administratrix shows that the succession of Stauffer is insolvent, and that the property and assets belonging to the partnership of Stauffer & Co. will be insufficient to pay the debts of the firm. In the account filed the claim of the widow and heir of Cyrus W. Stauffer, under the act of seventeenth March, 1852, for one thousand dollars, is allowed as a privilege claim to be paid out of the funds belonging to the partnership of Stauffer & Co., after exhausting the funds belonging to the succession of Cyrus W. Stauffer.

This item is opposed by the creditors of the partnership, and the opposition was sustained.

The act of seventeenth March, 1852, says : " The widow or legal representative of the children shall be entitled to demand and receive *from the succession of their deceased father or husband* a sum which, added to the amount of property owned by either of them in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts except those for the vendor's privilege, and expenses incurred in selling the property." It is "from the succession of their deceased father or husband" that the

thousand dollars must be taken. The inquiry then is, what constitutes the property of the succession of Stauffer? Does the property of a partnership, of which the deceased was a member, constitute a part of his succession, when the debts of the partnership exceed the value of the property and assets of the partnership? It is clear that it does not. "No one partner has any right or share in the partnership property, except what remains thereof after the full discharge and payment of all debts and liabilities of the partnership." Story on Partnership, section ninety-seven.

When one of the partners dies, the debts of the partnership must be paid before there can be a division among the heirs. 11 M. 427; 13 La. 281. In the case of the United States *v.* Baulos' executor, the rule which should govern in like cases is well stated. The attorney of the United States claimed a privilege and preference in their favor over other creditors of Baulos, as created by an act of Congress relative to debts due to the United States in cases of insolvency. The court held "that they are entitled to such preference and privilege in ordinary cases cannot be doubted; but the present is not one of that nature." It appears that "Baulos became the debtor of the United States for the debt now claimed some years since; that he failed or was insolvent, and that he afterward entered into a partnership with one Cavaroc, by which they acquired some property; but the portion falling to the share of the deceased does not amount to more than will be sufficient to pay his part of the partnership debts. The Court of Probate accorded a preference to the creditors of the partnership over the claim of the United States." "The judgment of the court below is clearly correct. The *property* acquired by the partnership of Baulos & Cavaroc *does not belong to either of the partners separately*, but remains a common stock and pledge for the payment of the debts of the firm, in preference to any claim against the parties individually." 5 N. S. 568; 18 La. 505, Claiborne & Mather *v.* their creditors.

It is therefore ordered and adjudged that the judgment of the Parish Court be affirmed, and that the appellant pay the costs of this appeal

Mr. Justice Wyly dissenting.