WESTERN DIST.
*August*, 1834.

BRADFORD'S HEIRS *vs.* CLARK.

BRADFORD ET ALS
*vs.*
CLARK.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

7L 147
46 906

7L 147
106 58

7 147
116 677.

In an action of revendication, for the recovery of a slave, by the heirs, as forming a part of the succession of their ancestor, against the defendant, who holds the slave by written title from said ancestor, executed in his life time, parole evidence is *inadmissible* to prove, that the defendant directed the slave in question, to be inventoried as part of said succession, in order to make out plaintiff's title.

Where parole evidence is offered, with a view to defeat the defendant's written title to a slave, it should be rejected as *inadmissible.*

There is no distinction as to the parties to them, between public and private acts, not recorded in relation to the title to slaves. Between the parties to a contract, an act under private signature, has the same force as a notarial act. They differ as to the mode of proof.

An action of rescission, for lesion beyond moiety, does not lie in relation to the sale of slaves.

Where fraud and simulation, or lesion, are not alleged, a judgment disregarding a written sale of a slave, will be declared erroneous, and be annulled and reversed.

Under the prayer for general relief, when the evidence shows an agreement of the defendant, to pay a certain sum, as the balance of the price of a slave, the court will consider itself authorised to give effect to the agreement, and terminate the controversy between the parties, although not alleged or asked for in the petition.

This is an action of revendication of a slave, alleged to be illegally possessed and claimed by the defendant. The plaintiffs are the heirs and legal representatives of Nathan Bradford, deceased. They allege, that at the death of their ancestor, a negro man slave, named Wilson, belonged to his succession, worth seven hundred dollars; that said slave was directed by defendant, to be put in the inventory of said succession, at the death of Nathan Bradford, in 1825 or 1826; that since then he has taken possession of this slave, and pretends to hold him, in virtue of a bill of sale from the

deceased, in his life-time, which they allege was made without consideration, and that the slave was never delivered to the defendant, in pursuance thereof; that this bill of sale is an act under private signature, and was never recorded; that since Bradford's death, the defendant entered into a verbal agreement with the widow of the deceased, to take the slave at seven hundred dollars, by being allowed a claim of three hundred dollars against the estate, in payment, and giving the heirs of Bradford, a negro woman slave, worth four hundred dollars; they further allege, that they are the legal owners of said slave, and that the defendant has had him in possession, ever since January, 1825, and that his hire is worth one hundred and fifty dollars per annum. They pray for judgment, decreeing the delivery to them, of said slave, and for the amount of hire at the above rate.

The defendant excepted to the form of action, and averred, that according to the plaintiffs' own showing, it cannot be maintained for the revendication of a slave, &c. On the merits, he pleaded the general issue, and that he held the slave in question, by a just and good title. Finally he interposed the plea of prescription.

*James Reams,* witness for plaintiffs, declares that he drew the bill of sale from N. Bradford to defendant, of the slave Wilson, which is dated the 9th January, 1816, and expresses the sale to be made "*for the small consideration of seven hundred dollars cash paid, &c.* Witness says, he acted at that time, as the overseer of defendant, and that the slave Wilson was present at the time of signing the bill of sale, and was delivered; but that the slave was never put under his care, on the plantation, and was shortly afterwards in the possession of Bradford. There was one hundred dollars in cash paid, at the time of making the sale, but he saw no more.

*Leonard Bradford,* witness for plaintiffs, states that soon after the death of N. Bradford, understanding the defendant had a title to the slave, called on him to know what was to be done; defendant replied and told him, to have the slave put in the inventory; that the slave ran away soon after, and

the following winter (1824 or 5) witness saw him in possession of the defendant; the latter stated to witness, that he had made an agreement with the widow for the slave, that the estate was owing him three hundred dollars, and he was to pay four hundred dollars more, or give her a woman, worth four hundred dollars. Soon after this the widow died, and the children were put under the care of witness, who is the brother of N. Bradford, deceased. Witness called on defendant to assist in the support of the children, out of this four hundred dollars, which he agreed to do, and gave witness one hundred pounds of coffee, and some small drafts of twenty or thirty dollars.

The slave was not put on the inventory, as it was considered by witness and defendant, that if he was put on the inventory he might be sold, and it would be better for the children, that he should not be sold; that the widow preferred this arrangement, as the boy was difficult to manage, and a woman would be better. Defendant told witness, the reason he did not get the woman for the widow, was that he feared he would not be able to suit her, and that he preferred paying the money; and he never manifested any disposition to pay the four hundred dollars. Witness was curator of the minor children of N. Bradford, and the reason he never called on defendant for further aid, was, that he doubted the title to the slave, being in the defendant.

A bill of exception was taken by defendant's counsel, to the opinion of the court, admitting L. Bradford to be sworn as a witness. 1. That the plaintiffs had alleged a written title from N. Bradford to defendant. 2. That said title had been verified by *Reams*, the first witness called. 3. That plaintiffs' counsel had examined Reams, in relation to one part of the deed; that before the parole evidence was taken down, the written title ought to be read to the jury.

A bill of exception by defendant's counsel, was taken, to the decision of the court, permitting L. Bradford to prove a verbal conversation he had with Mr. Clark, in which the latter directed the slave to be put on the inventory, &c., on the ground that parole evidence could not be given to prove

WESTERN DIST.
August, 1834.

BRADFORD ET ALS
· vs. ·
CLARK. ⁻ title in a slave ; also to the second examination in chief, of L. Bradford, on the ground : 1. That this was an action of revendication, and no evidence of lesion could be admitted under the pleadings. 2. That the plaintiff had no right to produce evidence of simulation, fraud or contract, as this was neither an action of nullity, or on a contract for any alleged balance, &c. : And finally, to the refusal of the judge to charge the jury. 1. That in an action of revendication, when an outstanding title is opposed, arising from a sale of plaintiffs' ancestor, the sale must first be set aside by an action of nullity, and that under the pleadings in this case, it is not competent to attack it as fraudulent and simulated. 2. That an action to set aside a sale, as fraudulent, as between the original parties or their heirs, is prescribed in one year, from the time the fraud became known to the parties. ·

But, the judge charged the jury, that there was a distinction between public and private acts, not recorded ; that in the former case of public acts, they must be attacked by the direct action of nullity, for fraud or simulation ; that private acts could be attacked on the ground of fraud in the present form of action.

The claim for hire was discontinued before the verdict. The jury found the slave to be the property of the plaintiffs. Judgment was rendered confirming the verdict ; and after an unsuccessful attempt for a new trial, the defendant appealed.

*Bradford*, for the plaintiffs.

*Ripley*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs allege, that they are the heirs at law, of Nathan Bradford, deceased, who was at the time of his death, the owner of a slave named Wilson, worth seven hundred dollars. They further allege, that after the decease of their ancestor, the said slave came illegally into the possession of the defendant ; that the defendant has a bill of sale for the slave, but that the same was given without consideration, or for less than one-half the value of the slave, and that it is

an act under private signature, and has never been recorded. It is further alleged, that after the death of Bradford, the defendant agreed verbally, to give seven hundred dollars for the slave, by obtaining a credit for three hundred dollars, which he claimed as a debt due him by the estate, and for the balance of four hundred dollars, by conveying to the heirs, a negro woman of that value. They pray judgment for the slave and his services, and for general relief.

The defendant pleaded title in himself, and prescription. The cause was submitted to a jury, whose verdict was in favor of the plaintiffs, and a judgment being rendered thereon, the defendant, after an unsuccessful motion for a new trial, appealed.

The case comes before us, on a statement of facts, and several bills of exception.

One of the bills of exception, upon which the defendant's counsel relies, was taken to the admission of parole evidence, to prove that the defendant directed the slave in question, to be put down on the inventory of the estate of Bradford, as forming a part of the property of the succession. The court allowed the evidence to go to the jury, notwithstanding the objection. We are of opinion that the court erred, and that the evidence was inadmissible. The evidence goes to defeat the title of the defendant, and to vest the property in the estate. Parole evidence of title in slaves, is expressly excluded by the Code, except perhaps in certain cases, of which this is clearly not one.

A second bill of exceptions was taken, to the instruction of the court to the jury. The defendant's counsel asked the court to charge the jury that in an action of revendication, where the defendant sets up a written title, from the ancestor of the plaintiffs, whether under private signature or by authentic act, the sale must be set aside, by direct action of nullity, and that it is not competent under the pleadings in this suit, to attack it as fraudulent or simulated. And that such action between the parties or their heirs, is prescribed by one year. But the court instructed the jury, that there was a distinction

WESTERN DIST.
*August,* 1834.

BRADFORD ET ALS
*vs.*
CLARK.

In an action of revendication for the recovery of a slave, by the heirs, as forming a part of the succession of their ancestor, against the defendant who holds the slave by written title from said ancestor, executed in his life-time, parol evidence is *inadmissible* to prove that the defendant directed the slave in question to be inventoried as part of said succession, in order to make out plaintiffs' title.

Where parole evidence is offered with a view to defeat the defendant's written title to a slave, it should be rejected as *inadmissible.*

There is no distinction as to the parties to them, between public and private acts not recorded, in relation to the title to slaves. Between the parties to a contract, an act under private vate signature has the same force as a notarial act. They differ as to the mode of proof.

Under the prayer for general relief, when the evidence shows an agreement of the defendant to pay a certain sum as the balance of the price of a slave, the court will consider itself authorised to give effect to the agreement, and terminate the controversy between the parties, although not alleged or asked for in the petition.

between public and private acts not recorded; that in cases of public acts, they must be attacked by the direct action of nullity, for fraud or simulation, but that private acts could be attacked for fraud in the present form of action. We are unable to perceive the force of this distinction, or its application to the case now before the court. Between the parties to a contract, an act under private signature, has the same force as a notarial act; they differ only as to the mode of proof. The petitioners admit the existence of the sale, but allege that it was made without any consideration, or for less than half the value of the property. The deed shows the price to be seven hundred dollars, which the vendor acknowledges, had been paid. The petition does not allege fraud, and an action of rescission for lesion beyond moiety, does not lie in relation to the sale of slaves. *Civil Code, p.* 366, *art.* 114.

The record furnishes us with no evidence of fraud or simulation, and the judgment, disregarding the written title of the defendant, is in our opinion erroneous.

The subsequent agreement of the defendant, to pay four hundred dollars, as set up by the plaintiffs in their petition, is proved by evidence admitted without objection. This amounts at least to an acknowledgment on his part, that a part of the original purchase money, is still due to the plaintiffs, and which the defendant avowed his willingness to pay. The evidence shows, that about thirty dollars of that balance was paid. Under the prayer for general relief, we think ourselves authorised, *to give effect to this agreement, and to terminate the controversy between the parties.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed; and proceeding to render such judgment, as in our opinion ought to have been given below, it is further ordered and decreed, that the defendant be quieted in his title to the slave Wilson, and that the plaintiffs recover of the defendant, the sum of three hundred and seventy dollars, with costs in the District Court, the costs of the appeal to be paid by the plaintiffs and appellees.