Jacob Garrett *v.* Steven Crooks et al.

| | |
|---|---|
| 15 | 483 |
| 45 | 114 |
| 15 | 483 |
| 50 | 109 |
| 15 | 483 |
| 117 | 284 |
| 15 | 483 |
| 122 | 113 |

A promise to sell does not place the thing at the risk of the promissee, nor does it transfer to him the
ownership or dominion of it.

Where a party has made a promise to sell property to one person, and sells it to another, such sale
will operate a translation of the property to the latter, although he may have had knowledge of the
existence of the promise of sale to the other, unless a fraud has been committed by the vendor and
vendee upon the promissee, in order to defeat his title.

Parol evidence, although inadmissible to establish title to land, is yet admissible to prove fraud practised
in the transfer of land.

Although a witness does not recollect the whole conversation of a party, he may nevertheless be
allowed to testify to what he does recollect. Any objection to testimony on this score goes to the
effect, and not to the admissibility of the evidence.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J.
*Smith & Spencer*, for plaintiff and appellant. *Cuny & Hawkins*, for defen-
dant.

GARRETT
v.
CROOKS

VOORHIES, J.   The defendant, *Stephen Crooks*, having sold to his co-defendant, *B. T. Higginbotham*, some real estate, which the former had promised to sell to the plaintiff, *Jacob Garrett*, the present suit was brought for the purpose of canceling the sale to the one, and of enforcing the specific performance of the promise to sell to the other.

The petition charges, that *Higginbotham* was aware of the existence of the contract between *Crooks* and *Garrett* at the time of the transfer from *Crooks* to himself; and that, consequently, the want of registry of this instrument cannot prejudice the plaintiff's action in the premises.

The defendants aver, that the promise of sale to the plaintiff was tainted with fraud, and they pray for its nullity.

The facts of this cause present no difficulty.

*Crooks* had agreed verbally to sell his property, the deed to be passed the next day, to *Higginbotham ;* but through the deception of *Garrett*, this was not done as stipulated, but the promise of sale was made in favor of the latter.   *Higginbotham*, having been disappointed at *Crooks'* failure to come and pass the deed of sale, at the stipulated time and place, called on the latter, who then stated what had taken place.   Thereupon, he proceeded to sell and deliver the property to the former, in compliance with the verbal agreement upon the subject.

The first question which arises, under this state of facts, is, whether the plaintiff, by virtue of the promise of sale, became the owner of the property in dispute. This must be solved in the negative.

The Civil Code, Art. 2437, says that " a promise to sell amounts to a sale." In construing this text, the court, in the case of *McDonald* v. *Aubert*, said : " A promise to sell, when the thing to be sold and the price of it are agreed upon, is so far a sale, that it gives to either party a right to claim *recta via* the delivery of the thing, on payment of the price ; but such a promise does not place the thing at the risk of the promissee, nor does it transfer to him the ownership or dominion of it." 17 La. 449.   It is true that, in some respects, the correctness of this doctrine is assailed in the case of *Peck* v. *Bemiss et als.*, 10 An. 160.   But in one respect, these decisions coincide : the promise to sell does not operate a translation of the property.   See the case of *Satterfield* v. *Keller*, 14 An. 606.

Such being the law of the case, it follows that the sale from *Crooks* to *Higginbotham* translated the property to the latter, unless the knowledge of the existence of the promise of sale be an impediment in his way.

This brings us to the question of fraud.

If the plaintiff is entitled to relief in the premises, it is upon the ground that the defendants, vendor and vendee, have committed a fraud upon him, in order to defeat his title.   Now the evidence shows quite the reverse :—that the plaintiff was aware of a previous verbal sale from the one to the other defendant; that he deceived these parties, and caused the execution of the instrument of promise to sell; and, on the other hand, that both the defendants were acting in perfect good faith.   There is no principle of law or equity by which the plaintiff could, under these circumstances, defeat the title of the defendant, *Higginbotham*, to the property in question.

There are several bills of exception in the record.   The plaintiff objected to the reception of parol evidence, on the part of the defendants, to prove : that there had been a verbal sale between the defendants ; that there had been some conversations, and what conversations, between the plaintiff and the defendants, with regard to the agency of the plaintiff in purchasing *Crooks'* land for *Higginbotham ;*

that the defendant *Crooks* had, when required to comply with the promise of sale to the plaintiff, declared that he declined because he had been deceived by the latter.

These objections were not well taken; for the object of the testimony was not to prove an adverse title to the land in the defendant *Higginbotham*, nor the agency of the plaintiff; but, on the contrary, to show the artifices by which the plaintiff had caused himself to be substituted in the place of *Higginbotham*. In other words, the object of the evidence was, to show fraud on the part of the plaintiff.

The objection is also raised, that the defendant *Crooks* suffers no injury in the premises, and that he alone should avail himself of the nullity of the promise of sale. Such, however, is not the case. There is a penal condition attached to the contract; and for that amount the defendant *Crooks* might be made responsible in an action for damages resulting from the violation of the contract.

The District Judge ought to have excluded the declarations of *Higginbotham*, made in the plaintiff's absence: they were not part of the *res gestæ*.

There is no weight in the objection that, because the witness does not recollect the whole conversation of the party, he should not be allowed to testify to what he does recollect. The objection goes to the effect, and not to the admissibility of the evidence.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.