Reid vs. Commercial Insurance Company.

• No. 6450.

Dr. C. Reid vs. Commercial Insurance Company.

In a suit against a corporation, by a party who claims to be the owner of stock standing in the name of another person, and alleged to have been illegally transferred on the books of the company, if the demand is for damages, it must be based upon allegations of wrongful and fraudulent acts on the part of the defendant; and if the demand is for the recovery of the stock itself, the stockholder in whose name it has been transferred and stands is a necessary party to the suit.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

Ellis & Ellis, H. D. Ogden, and R. R. & J. A. Reid for plaintiff and appellant.

Singleton & Browne for defendant and appellee.

· The opinion of the court was delivered by

Bermudez, C. J.   The plaintiff seeks to be recognized as the owner of a number of shares of the stock of the defendant, entered originally in the name of "*Robert Pitkin, agent*," and also to be entitled to the dividends declared thereon.  His petition concludes with a prayer for such *other* sums as may be due him, and for general relief.  His demand in this court is further, that in the event that the shares could not be returned to him, the company be condemned to pay him their *value, as damages*.

It is in proof that, in 1871, the stock standing in the name of "Robert Pitkin, agent," was by him, in that apparent capacity, *actually* transferred on the books of the company to Flash & Co., who are *not parties* to this litigation.

It cannot be claimed that the corporation has sufficient legal mandate *as such*, to stand in judgment, vicariously to represent and champion the rights of the transferrees of that stock in a case, like this, in which an adverse title is set up, to their absolute exclusion, as owners of the identical shares in their name.   The powers of a corporation can be exerted in favor of its members only, *ut universi* and not *ut singuli*. The corporation is their collective mouthpiece; but, for the protection of their individual interest in the concern, they must look to themselves. It is only in extreme cases, where, for the purpose of shielding itself from injury, it being impracticable to bring into the conflict those whose interest is at stake, that the corporation is allowed to assert and to assume to vindicate their rights, to the best of their ability.

Flash & Co. may have defenses, of easy conception, of which the company may be unaware, which may be known to themselves alone, and which might prove destructive of the pretensions of the plaintiff;

but they are not before the court, and their rights, whatever they may be, cannot be passed upon in their absence.

The defendant had called them in warranty, but afterward discontinued the proceeding. This was certainly an intimation of want of proper parties to the plaintiff, who then undertook at his peril to prosecute his claim to judgment, without making such parties.

If the stock was properly transferred by "Robert Pitkin, agent" (whether Dr. Reid was, or not, the occult owner of it, is immaterial), to Flash & Co., who must be treated as innocent third purchasers until the contrary is proved, the plaintiff would have no foundation upon which to rest his claim for recognition, as owner of the stock and dividends, or for the value thereof. When sued, Flash & Co. may have to exercise some recourse against Robert Pitkin, in some capacity, and it is not before proper notice has been given to those entitled to it, at least so far as the plaintiff may have to give it, that the differences herein set up can be finally adjusted.

It is not until after the validity of the transfer has been adjudicated upon, whether contradictorily with the transferrees, or against the company alone, upon *proper* charges, to hold the corporation liable, that the plaintiff can be heard to claim from the company, in the shape of damages, the *value* of the shares and the amount of the dividends, of which he complains to have been illegally dispossessed by the tolerance or hurtful derelictions of duty on the part of the defendant.

The plaintiff was, perhaps, authorized to ask, in the form in which he did, in the *same* proceeding, the stock and the dividends, *or* their value, but, technically, it may be that he should have done so more specifically by averment and by prayer, in the alternative, and this, too, distinctly, as against each of the proper parties. If the stock passed from "Robert Pitkin, agent," to Flash & Co. illegally, so that the company *aware* of the illegality, should *not*, in its capacity of custodian, have permitted the transfer to be made on the books, and the plaintiff has sustained injury, the company should be made to indemnify him ; but if the shares were legally disposed of, in a manner binding on the plaintiff, inasmuch as he could not be aggrieved by a valid act, actually or constructively sanctioned. by him, he would be entitled to claim *neither* the shares and the dividends, *nor* the value thereof.

In a case in which a stock company is sought to be held answerable *in damages* for permitting an illegal transfer of shares, it is essentially necessary that grave and strong charges should be uttered against it, and that it should have ample notice of such averments, and of the demand formed accordingly.

The company is justly entitled to such admonition to prepare its defense, both as to the nature of the serious charges proffered, and as to

the value of the stock and dividends claimed as damages. It may well be, that a suit to that effect can be brought against a company *alone*, without connecting with it the party who may have an interest to have the transfer attacked, maintained in its integrity; but in such a case it should be alleged and proved that the damages claimed were caused by the *wrongful* and *fraudulent* acts of the company, or of its agents or officers, for whose doings it is responsible. However, where a party claims to be the owner of stock, and of dividends accrued thereon, and avers merely an illegal transfer of it to others, though not originally in his name, and asks to be declared the owner of the stock and dividends, and, in the absence of any of the serious charges necessary to fasten a liability on the company, the plaintiff claims as damages the value of the stock and dividends, it is clear that he cannot recover the stock as against the transferrees without making them parties to the suit, or the damages against the company without proper averments, and without a corresponding demand, as said Flash & Co. are no parties to this suit. We find no *such* charges, or averments, or distinct demand against the company, and the petition against it *alone*, must be deemed as not disclosing a sufficient cause of action and demand.

We have considered the authorities to which the counsel of the plaintiff has referred us: 7 M. 269; 1 N. S. 401; 7 La. 147; 7 La. 46; 5 A. 646; 15 A. 426; and even that, in the succession of McCloskey, on petition of the widow for capitalization of her legacy of an annuity, not reported, which tend to show to what extent the prayer for general relief can be amplified, to allow specific remedy, not expressly asked; but the views which we have expressed make it unnecessary for us to express an opinion as to their applicability to the case at bar.

The rulings which we have made are well sustained by authority.

In de St. Romes vs. Cotton Press, 20 A. 383, *on rehearing*, it was distinctly established that no judgment can be rendered in favor of one claiming to be the owner of stock standing in the name of another on the books of the company, without making such apparent stockholder a party to the suit. The principle would apply to one claiming to be entitled to the dividends accrued on such stock. It appears, that in furtherance of the judgment of the court in that case, the plaintiff therein subsequently brought new proceedings against the corporation, the transferree of the stock, and even against his assignees, and that the litigation finally determined in favor of the defendants. 31 A. 228.

In the case of the Factors' & Traders' Insurance Company vs. the Marine Dry Dock Co., 31 A. 150, the plaintiffs, claiming to be the original pledgees and apparent owners of the stock by transfer in blank, or the certificate therefor, sued the company *alone, in damages*. They were permitted to do so, and to recover, on charge and proof of the commis-

Reid vs. Commercial Insurance Company.

:sion by the company of *wrongful* and *fraudulent* acts, which it is unnecessary to specify, and which the court thought, justified the redress .allowed.

In the condition in which this case is submitted, no adjudication can 'be validly made by us in favor of the plaintiff, which could affect the transferrees, Flash & Co., or saddle a pecuniary responsibility on the company. In other words, the plaintiff, under the showings made, is not entitled, presently, either to recover the stock and the dividends asked, ·or the value thereof, which he claims *as damages*.

The judgment of the lower court, which is one of *nonsuit*, leaves ·the door open for new action.

It is affirmed with costs.

Rehearing refused.