TERM OF 1901-1902. 55

Ice and Distilled Water Mfg. Co. vs. Anderson.

No. 13,814.

INDEPENDENT ICE & DISTILLED WATER MANUFACTURING COMPANY, LIMITED, VS. J. S. ANDERSON.

### SYLLABUS.

1. Where a sale of shares in an incorporated company is made in such amount as to transfer the company into new hands, and in the sale reservation is made, in behalf of the selling stockholders, of a certain claim of the company then in litigation, and the company as newly organized ratifies this reservation, the point that it is the sale of a litigious right is not good.

2. Under the prayer for "such general and special relief as the nature of the case requires and law and equity grant," it is competent to render judgment in favor of plaintiff for the value of the movable property the ownership of which was the matter at issue, it being shown by the testimony that the defendant had sold the property and collected the price.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*William F. Brewer* and *Parkerson & Tobin,* for Plaintiff, Appellant.

*William S. Benedict,* for Defendant, Appellee.

*Buck, Walshe & Buck,* for intervenor, Zetzman, and defendant, Anderson, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. This is an action to recover certain machinery, the ownership of which is claimed by plaintiff.

The allegation is made that defendant has the same unlawfully in his possession and refuses to deliver it to the petitioner.

Sequestration of the property was prayed for and granted.

William Zetzman intervened, asserting in himself ownership of the machinery by purchase from the agent and duly authorized manager of the plaintiff company. He prayed for judgment recognizing his ownership and placing him in possession.

Dr. W. Thompson appeared in the case, alleging he had acquired all the rights of the plaintiff company in and to the suit and the cause of action upon which it is predicated, and prayed to be substituted as

plaintiff and to be subrogated to all the rights therein of the original plaintiff. This was done.

Whereupon, defendant, Anderson, pleaded, as peremptory exception, that the transfer to Thompson was the assignment of a litigious right. and having been made without any consideration paid or promised, he is entitled to have the suit dismissed, and prayed accordingly.

The facts were these:—

The stock of the plaintiff company was represented by 150 shares, of which Dr. Thompson (subrogee plaintiff) held 97 shares, Anderson (defendant) 50 shares and three other parties one share each.

Thompson, in January 1899, sold out his entire holdings to Zilker, Brackenridge and McGaw, three outside parties, and resigned from all official connection with the company.

The persons holding one share each likewise sold to the same parties and resigned from the company.

Later, Anderson disposed of his stock to the same parties.

At the time these sales were effected, and these changes in the *personnel* of the shareholders were made, the present suit was pending.

The parties who had bought the stock from Thompson and his associates became officers and directors of the company in place of those they had succeeded, and the company, as thus newly organized, by act of its Board of Directors, subrogated Thompson to all the right, title and interest of the corporation in the suit and authorized him to prosecute the same, in the name of the company, to final judgment.

In addition to the price paid Thompson by Zilker, McGaw and Brackenridge for his shares of stock in the company, it is shown by the testimony that Thompson, in making the sale of his shares and that of the three other parties who held one share each, stipulated for the reservation of the claim then forming the basis of the suit as an asset of the stockholders. That is to say, as an asset which was not to pass to those then buying the stock, nor to remain as property of the company, but be reserved to the then shareholders, who were Thompson holding 97 shares, Anderson holding 50 shares, and the three parties holding one share each.

This is testified to by Thompson and admitted by McGaw, also a witness, and who was one of the purchasers of the stock.

Objection was made to this evidence and a bill to its reception reserved. We think it properly admitted.

If it be said that the claim upon which the suit was pending was an

asset of the company and that neither the selling shareholders nor the purchasing shareholders were entitled thus to dispose of a company asset, a sufficient answer is that neither the company, nor its present shareholders, are making complaint and they are the only parties having an interest to do so. Besides, the company, through its new Board of Directors, have formally ratified the reservation thus made.

Anderson, having long since disposed of his stock, and becoming thereafter a stranger to the corporation, and being now neither a member of the company nor a shareholder, is not in a position to object to the reservation stipulated for by Thompson.

Besides, it was a reservation in his interest. He was then a shareholder, and Thompson's statement is that he reserved the assets for the then stockholders.

Had the reservation not been made, the company as newly constituted could have prosecuted the suit to final judgment and if recovery had been decreed, Anderson would have had to pay the entire judgment, whereas now he is entitled to the benefit of a credit to the extent of the number of shares held by him compared with the whole number of shares that were then outstanding.

This reservation by Thompson takes the case out of the category of a litigious right transferred, and the exception should have been overruled entirely and the case proceeded with on its merits.

The trial court sustained the exception in part and overruled it as to Thompson's interest, which was held to be ninety-seven one hundred and fiftieths (97-150) of the claim in litigation.

The case was tried on its merits as to Thompson's interest with the result that there was judgment in favor of the intervenor decreeing him the owner of the machinery. As between Thompson, the subrogee plaintiff, and Anderson, the defendant, there was judgment rejecting the plaintiff's demand, reserving, however, to Thompson the right to sue Anderson for his due proportion of the price paid by the intervenor to Anderson for the machinery, which price the judgment declares was collected by Anderson.

Thompson appealed.

In this court Anderson files answer to the appeal, praying amendment of the judgment by striking therefrom the reservation of the right to Thompson to claim from him any part of the price of the machinery.

And treating the judgment o 1 th exception as included in the appeal, Anderson prays that it be amended so as to maintain the exception in its entirety.

As to the intervenor, Zetzman, the case is made out. The testimony shows that he purchased the machinery from Anderson, acting for the company as its manager, and paid for it $2000. Anderson was author-ized to make the sale, and, further, a state of facts is shown amounting to ratification of the sale by the company and its officers.

As between Thompson and Anderson the case was not decided cor-rectly.

The Ice Company, it is true, sued for the machinery and its main prayer is that it be awarded the ownership and possession thereof. But there is a further prayer "for all such general and special relief as the nature of the case requires and law and equity grant."

Under this latter prayer, where it appears that the machinery has been sold by Anderson and its proceeds collected by him and not ac-counted for to the company, it is entirely competent for judgment to be rendered against Anderson in respect to the same.

The proceeds took the place of the machinery and the rights of the parties litigant in respect thereto can well be determined and adjudi-cated herein without resort to further litigation.

Anderson either owes Dr. Thompson the value of his interest in the machinery, or his just share of its proceeds—that is to say, if he has not already accounted for the same to the company, as he claims to have done—and this issue can be passed upon here and now.

In Smith vs. Corcoran, 7 La. 46, it was held that:—

"Under the prayer for general relief suited to the nature and justice of the case, the Supreme Court will render such judgment as would be given in a new suit, to avoid circuity of action."

See also Bradford vs. Clark, 7 La. 147; McDonald vs. Vaughn, 14 La. Ann. 716; Edwards vs. Smith, 10 La. Ann. 536; Werner vs. Rich-ardson, 5 La. Ann. 646.

We find that Anderson collected the price of the machinery from Zetzman and that he has not accounted for it nor paid it over to either the Ice Company, nor to Thompson, certain entries upon the cash book and ledger of the Ice Company, to the contrary notwithstanding.

Thompson so testifies and we do not understand Anderson as denying this on the stand. If, however, we be mistaken in this, and anything appears in the testimony of Anderson seeking to establish that he has accounted for the moneys so collected, no credence is given to the same. A witness who unblushingly admits on the stand, as he did, that he had deliberately lied to Zetzman in a material matter in order to effect the sale of the machinery to the latter, and then seeks to excuse his conduct

. on the ground that lying is justifiable "in business," is unworthy of belief in a court of justice when testifying in his own interest. None but the depraved maintain the vicious doctrine that lying in business is legitimate, and this court will reject the evidence, given in his own behalf, of any man who confesses that such is his belief and practice.

Anderson, in his answer filed, makes the averment that Thompson was owner of two-thirds and he (Anderson) of one-third of all the property and assets of the Ice Company. This is a judicial allegation to which he will be held.

The amount he collected from Zetzman for the machinery was $2000. Thompson's interest in same, according to Anderson, is two-thirds—or $1333.33⅓—and for this amount he is entitled to judgment herein against Anderson, with legal interest from December 23, 1897, the date of the filing of the suit.

It is, therefore, ordered and decreed that the judgment appealed from, in so far as the intervenor, William Zetzman, is concerned, be affirmed, but avoided and reversed in so far as it adjudicates the issues herein raised between Dr. W. Thompson, plaintiff by subrogation, and the defendant, J. S. Anderson.

And it is now adjudged and decreed that the said Thompson do have and recover of the said Anderson the sum of one thousand three hundred and thirty-three and 33-100 dollars, with legal interest thereon from December 23, 1897, together with costs of both courts.

(PROVOSTY, J., takes no part.)

Rehearing refused.