(64 South. 921.)

No. 19,614.

OESCHNER et al. v. KELLER.

(March 30, 1914.)

*(Syllabus by the Court.)*

FRAUDS, STATUTE OF (§ 71*) — PROMISE TO SELL REALTY—WRITTEN CONTRACT.

    A promise to sell real estate must be vested with the same formalities as are prescribed

for sales of real estate. It must be in writing. Civil Code, arts. 2440, 2462, 2275; Act No. 249 of 1910, p. 417.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 113–139; Dec. Dig. § 71.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thos. M. Burns, Judge.

Action by John F. Oeschner and others against Henry Keller. From judgment for defendant, plaintiffs appeal. Affirmed.

E. Elmore Bollinger, of Slidell, for appellants. Ellis & White, of Covington, and Legier & Gleason, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiffs sue defendant to compel him to accept title to a certain piece of land in St. Tammany parish.

Defendant answers that there was an oral agreement between three of the four plaintiffs and himself to purchase the land, on condition that the title should be acceptable to his attorney, but that the title was not acceptable to the attorney, and that he is unwilling to take title to the land.

There was judgment in favor of defendant, and plaintiffs have appealed.

Plaintiffs allege that defendant bound himself, in writing, to purchase the property in question; and they introduce, in support of that allegation, several letters which passed between two of the four plaintiffs and the defendant. A careful examination of these letters does not disclose a promise on the part of defendant to purchase the property. The first communication was written by defendant from Slidell, La., to Mr. Herman Oeschner, one of the plaintiffs, saying:

"If you people (plaintiffs) are ready now to do business, * * * I will come over and see you all"

—in New Orleans. He afterwards wrote to Dr. John Oeschner, another of the plaintiffs, saying:

"Inclosed find my check for $500 for which you will please send me a receipt by return mail."

The receipt was sent and signed, "John F. Oeschner, Agent." The next communication from defendant was to the effect that his attorney had declined to approve and accept the title, and that he would not take the property. After being notified by a notary public to appear in his office and sign the title deed, defendant wrote, saying:

"I am not willing to take the title unless those points that Mr. Bollinger wrote you about are cleared up. When you have this done you will notify Mr. Bollinger and I, and we are ready to take the property."

It is quite clearly shown that there was no unconditional agreement at any time, either written or oral, on the part of defendant with plaintiffs to take title to the property in question.

There was no agreement or understanding, or communication of any kind, by defendant with Charles L. Oeschner, one of the owners of the property, and one of the plaintiffs in this suit. The evidence shows the latter to have been absent in England at the time of the verbal negotiations between the other plaintiffs and defendant; and that he had not authorized Dr. John F. Oeschner to represent him and to sell his interest in the property, or to prosecute a suit to compel acceptance of title to any property in which he had an interest, until May 21, 1912, when he sent Dr. John F. Oeschner a written power of attorney to represent him. This was of a date some time subsequent to the date of the negotiations between three of the plaintiffs and defendant.

Judgment affirmed.

PROVOSTY, J., takes no part, not having heard the argument.