No. 2400

Second Circuit

---

BLADE, ET AL., v. YOUNG

---

(March 14, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Sales—Par. 46, 47.**
An agreement for the sale of real estate made under the condition that the sale will not be completed until the price is paid is merely a promise of sale.

2. **Louisiana Digest—Evidence—Par. 278.**
Parol evidence to show the cancellation of an agreement or promise of sale of real estate is not admissible.

3. **Louisiana Digest—Sales—Par. 46, 47, 64, 145.**
Where the evidence does not show that the purchaser under a promise of sale agreement has paid all of the purchase price, he cannot get judgment ordering the seller to make him a deed to the property.

4. **Louisiana Digest—Sales—Par. 46, 47, 63, 64.**
Where a promise of sale agreement of real estate does not provide that it should be ipso facto forfeited on failure of

the promisee to comply with the conditions and evidence indicates that the promisor acquiesced in the failure of the promisee to pay the price, permitting him to make improvements, contract has not been forfeited.

Appeal from the Second Judicial District Court, Parish of Bossier. Hon. J. H. Stephens, Judge.

Action by Rachel Blade et al. against R. E. Young.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and promise of sale dismissed as of non-suit.

Arthur A. LeRosen, of Shreveport, attorney for plaintiff, appellant.

W. B. Hamilton, of Shreveport, attorney for defendant, appellee.

WEBB, J. The defendant R. E. Young, and Johnson Blade entered into a written agreement on the 17th day of January, 1914, in which Young bound and obligated himself to grant, bargain, sell, convey and deliver to Blade certain lands situated in the Parish of Bossier on Blade paying to him the sum of six hundred dollars represented by two notes dated with the act payable to the order of defendant maturing on November 1, 1914, and November 1, 1915, respectively, and stipulating eight per cent per annum interest from January 15, 1914, it being stipulated that when Blade had made the last payment on the property Young would give a warranty deed to him or his heirs or assigns.

The instrument, which was under private act, was duly acknowledged and recorded, and the notes were given and delivered to Young, and Blade being in possession of the property remained therein until the time of his death, in May, 1921, and following, Young, by some means, dispossessed the widow and heirs of Blade, who filed this suit on March 22, 1922, alleging that there was a completed sale of the property and praying for judgment accordingly, and, in the alternative, in the event it should be held that the sale was not completed, and that there was a promise of sale, that the price had been paid, and for judgment ordering defendant to give them a deed.

The defendant answered admitting that the agreement had been signed and alleging that it was merely a promise of sale, and that Blade, having failed to make the payments, all of his rights thereunder were forfeited, and, further, that Blade had, about the year 1919, leased the property from defendant and had paid rent thereon from that time to the date of his death, and that it was recognized by all parties that plaintiff was merely a tenant, and he prayed that plaintiffs' demands be rejected and that the agreement be declared forfeited, cancelled and erased from the records.

On trial, evidence was introduced by plaintiff, under the alternative demand, tending to show that the price had been paid, which, however, did not establish the fact, and defendant, over plaintiffs' objection, was permitted to state that Blade had not paid anything on the price, and of the statements of the deceased to the same effect, and that the deceased had consented to the cancellation of the agreement in about 1919, subsequent to which time he had leased the property on shares, and that he had received one bale of cotton for each of the three years, of the total value of four hundred eighty dollars, and judgment was rendered against plaintiffs, rejecting their demands, and in favor of defendant declaring the agreement forfeited and cancelled, from which judgment plaintiffs appeal.

The appellants urge that the court erred in permitting the introduction of parol evidence tending to show the cancellation of the agreement, and in holding that the agreement was a mere promise of sale rather than a sale, and, in any event, in refusing to order the defendant to make a deed, and in decreeing the contract forfeited and cancelled.

Assuming that if the transaction was a completed sale and the title to the property was translated, it will be conceded that the parol evidence offered over plaintiff's objection was inadmissible (Bradford's Heirs vs. Clark, 7 La. 147; Sharkey vs. Wood, 5 Rob. 326; Barthet vs. Estebene, 5 La. Ann. 315; Chronos Land Co. vs. Crichton, 150 La. 963, 91 So. 408), we shall pass the question until later and proceed to consider the position of plaintiff that there was a completed sale.

The Civil Code declares that "The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." (Art. 2456, C. C.; also Art. 2439, C. C.) and the plaintiffs contend that the agreement showing the consent of the parties as to the object and the price, and the evidence showing possession of the property by Blade and possession of the notes representing the price in Young, the sale was complete and the ownership of the notes representing the price vesting in Young and the ownership and title to the property passing to Blade.

The written agreement of the parties does not purport to transfer the ownership or translate the title, and there are many decisions dealing with the effect of such agreements having relation to real estate, especially prior to the amendment of Article 2466, which declared a promise to sell amounts to a sale when there exists a reciprocal consent of both parties as to the thing and the price, among which we note Peck vs. Bemiss, 10 La. Ann. 160; Knox vs. Payne, 13 La. Ann. 361; Garrett vs. Crooks, 15 La. Ann. 483; Baldwin vs. Morey, 41 La. Ann. 1105, 6 South. 796; in which it was held that the agreement did not evidence a complete sale; and in Trichel vs. Home Insurance Co., 155 La. 459, 99 South. 403, the court said:

"Our conclusion is that any agreement for the sale of real estate, which is not intended to be the final writing between the parties, but, on the contrary, to be followed by another and final deed, is a mere promise of sale and not a sale, and does not transfer the title to said property; unless it clearly appear that the parties contemplated that the new deed should be only a confirmation of the first, and not indispensable for the transfer of title."

And in Pruyn vs. Gay, 159 La. 981, 106 South. 536, the court, quoting from the syllabus in Trichel vs. Home Insurance Co., said, as to the instruments evidencing the agreement for the sale of real estate:

"Neither consent, nor delivery, nor payment of price suffice to transfer the ownership; there must be a deed translative of the title."

While the facts in the cases cited may be in some respects distinguished from those in the present instance, we are of the opinion that the cases cited, at least announce the principle that, an agreement for the sale of real estate may be made under the condition that the sale will not be completed until the price is paid, although the promisee becomes obligated for the payment of the price, and is permitted to take possession, when the condition is clearly expressed, and we think that the

instrument evidencing the agreement of the parties in the present instance, clearly expresses the condition on which the sale would be completed, and was merely a promise of sale, and that plaintiffs' primary demand was properly rejected.

Considering the alternative demand, the evidence does not show the payment of the price, although it indicates that something was paid, and therefore plaintiffs are not entitled to have judgment ordering defendant to make them a deed, or to judgment having that effect, but we do not think their alternative demand should have been rejected, or that the contract should have been forfeited and cancelled.

The defenses made and urged to the alternative demand, and the basis of the demand for forfeiture or cancellation of the agreement, were that the contract had been forfeited, and that it had been cancelled by the agreement of the parties.

The agreement does not provide that it should be *ipso facto* forfeited on failure of the promisee to comply with the conditions within any fixed time, and if defendant had the right to have claimed a forfeiture, it is not claimed he had exercised such right, and the evidence indicates that he acquiesced in the failure of the promisee to pay the price, permitting him to make improvements on the property, and further shows that defendant had possession of the notes and had not tendered same to Johnson Blade, or the plaintiffs, and indicates that something was paid on the price, and we do not think that the evidence warrants the judgment for the alleged ground of forfeiture.

In support of the alleged agreement to cancel the contract defendant was permit-

ted to introduce parol evidence, over the objection of plaintiffs, the trend of which, as testified to by defendant, was that in about the year 1919 Blade had agreed to cancel the contract and had thereafter leased the property, giving one-fourth of the crop, under which lease defendant had received cotton of the value of four hundred eighty dollars.

The right which Blade acquired was a real right, and was of the nature which the law requires must be in writing (Art. 2275, C. C.; Oeschner vs. Keller, 134 La. 1098, 64 South. 921), and could be shown to have been cancelled, rescinded or waived only by evidence of the same character (Sharkey vs. Wood, 5 Rob. 326; Chronos Land Co. vs. Crichton, 150 La. 963, 91 South. 408; Art. 2290, C. C.), and where *evidence is offered for the purpose of* showing conduct inconsistent with any claim of right, as that the promisee had leased the property, the lease could not be shown by parol evidence (Bradford's Heirs vs. Clark, 7 La. 147), and we do not think the evidence should have been admitted.

The contract was valid. It was not forfeited or shown to have been cancelled at the time of the suit, and although plaintiffs failed to prove the present right to *specific performance, their failure in that* respect did not destroy the contract.

It is therefore ordered that the judgment appealed from be avoided and set aside, and it is ordered, adjudged and decreed that plaintiffs' primary demand be rejected, and their alternative demand for specific performance of the promise of sale be dismissed as of non-suit; cost of appeal to be paid by defendant.