(54 South. 704.)

No. 18,396.

DAVIE v. MARTIN et al.

(March 13, 1911.)

*(Syllabus by the Court.)*

CORPORATIONS (§ 190*) — ACTION BY STOCK-HOLDER—PETITION—INDEFINITENESS.

The law requires a plaintiff to make a clear and concise statement of the object of his demand, and does not expect the courts to waste the public time by guessing at his meaning.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 190.*]

Appeal from Civil District Court, Parish of Orleans; W. B. Sommerville, Judge.

Action by Washington Davie against Francis Martin and Francis L. Martin. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

E. A. O'Sullivan, for appellant. J. Zach. Spearing, for appellees.

MONROE, J. The district court sustained exceptions of no cause of action and vagueness and dismissed this suit, and plaintiff has appealed.

The petition alleges, in substance, that, in 1894 a corporation was organized under the name of Codifer, Exerstein & Co., Limited, to carry on the grocery and liquor business, with a capital of $40,000, of which $20,000 was paid up, and that petitioner about that time acquired 25 shares of said stock; that in 1896 100 additional shares were sold at par, of which F. Martin took 80 (placing 15 of them in the name of his son, F. L. Martin) and J. W. Holzenthal took 20; that F. Martin was elected director and president of the company; that he acquired 78 shares of the stock which belonged to E. F. Codifer; that in 1897 he acquired 25 shares from Nicholas Burg and 45 shares from Exerstein of which Louis Joachim acquired 12 shares and petitioner, in 1902, 13 shares; that said Martin also acquired the 20 shares of Holzenthal and the 5 shares of Dyer and Nuskluck; that, in December, 1897, the name of the company was changed to Martin, Davie & Co., Limited; that about September, 1903, William Priest, through F. Martin, acquired 15 shares of the stock, and was elected a director, though he was merely a person interposed by Martin; that at the meeting called about September 10th, F. Martin was elected president, F. L. Martin, vice president, W. Priest, secretary, and Louis A. Joachim, treasurer, but that Joachim declined the office and sold his 47

shares of stock, which were acquired by F. Martin in the name of C. S. Desforges, who was elected treasurer; that petitioner, who had been vice president, was deprived of that office and his services as salesman dispensed with, and that in October following he left the employment of the company. The petition then proceeds as follows:

"Now your petitioner represents that the said Francis Martin, having acquired the majority of stock and having full control also of all the other stockholders, began the carrying out of the scheme that he had concocted, together with his son, Francis L. Martin, to get rid of your petitioner and annul his stock, for, on the 4th day of May, 1904, he convoked a meeting of the stockholders, and, without any reason or necessity therefor, unless, as alleged, to destroy the value of petitioner's stock, caused an amendment to the charter, to wit:

"(1) Changing its name to Francis Martin Company, Limited, and

"(2) By amending article 8 of the charter, changing manner in which the company should be dissolved.

"Now your petitioner alleges that he received no notice of the meeting held on May 4, 1904, and knew nothing of the proceedings had at said meeting or any subsequent meetings held by said company.

"Now your petitioner further represents that, on the 2d of October, 1909, there was organized, under the laws of this state, a company called Francis L. Martin Company, Francis Martin subscribing for 100 shares. Francis L. Martin, 100 shares, P. Casse, 100 shares; that the former company, Martin, Davie & Co., has simply vanished from the face of the earth; none knowing whither it has gone, except Francis Martin and Francis L. Martin, father and son. Your petitioner further alleges that all the stock of merchandise, open accounts, and all other assets belonging to the company of which your petitioner is a stockholder have been absorbed by the said Martin and his son, and your petitioner left with the naked ownership of paper shares; that from the organization of the old company in the year 1894, October 17th, the company has made each year handsome profits; that during all these years no dividends were paid, but all the earnings were placed in the treasury of the company as reserved. Your petitioner believes, and so charges, that Francis Martin and Francis L. Martin have conspired together to despoil your petitioner of his share in said company. That the acts of the said Francis Martin and Francis L. Martin were illegal and fraudulent, and that they are the only ones who have benefited by the spoliation of your petitioner and reaped the benefit of their illegal acts. Now, your petitioner further alleges that all the acts above set forth were concocted by the said Francis Martin and his son, Francis L. Martin, in fraud of petitioner's right, for the sole and only purpose of getting rid of your petitioner and destroying the value of his shares of stock; that there are funds, consisting of money, credit, and merchandise, belonging to the company, fraudulently and illegally liquidated by the said Martins, and in their possession, which, if properly divided among the stockholders, would realize to your petitioner at least the sum of $50,000, to which he is justly and legally entitled. Wherefore petitioner prays that a copy of this petition be served on Francis Martin and Francis L. Martin, and that they be cited to appear and answer; that after the legal delay and due proceedings there be judgment against the said Francis Martin and Francis L. Martin in the full and entire sum of $50,000, and in such further sum as the evidence discloses is due and owing to him," etc.

We find it impossible, upon a most painstaking study of the above-quoted petition, to find that it makes any charge against the defendants in support of which plaintiff would be entitled to introduce evidence. Though he himself accounts for Codifer, Exerstein & Co., Limited, by alleging that the name was changed to Martin, Davie & Co., Limited, and accounts for Martin, Davie & Co., Limited, by alleging that the name was changed to Francis Martin Company, Limited, he follows that by the allegations that Francis L. Martin Company was established and that "the former company, Martin, Davie & Co., Limited, has simply vanished," etc. But, if, as he had previously alleged, the name of Martin, Davie & Co., Limited, had been changed at a stockholders' meeting to Francis Martin Company, Limited, how can it be said that no one save the Martins, father and son, knows what became of Martin, Davie & Co., Limited, and what has Francis L. Martin Company to do with the matter? He alleges that the acts of Francis Martin and Francis L. Martin were illegal and fraudulent; does he mean the buying, by Francis Martin, of the stock of the company at par; the changing of the name Codifer, Exerstein & Co., Limited, to Martin, Davie & Co., Limited; the convoking of the stockholders' meetings; his removal from the vice

presidency of the company, and the dispensing with his services as traveling salesman; and, if so, why and in what respect were any of those acts illegal and fraudulent?

He alleges:

"That all the stock of merchandise, open accounts, and all other assets belonging to the company of which your petitioner is a stockholder have been absorbed by the said Francis Martin and his son * * *; that there are funds, consisting of money, credit, and merchandise, belonging to the company fraudulently and illegally liquidated by the said Martins, and in their possession," etc.

If the company to which these allegations refer has not been liquidated, it appears to us that the proper course for a stockholder to pursue would be to provoke the appointment of liquidators or of a receiver, since a single stockholder has no standing to gather in all the assets of the company of which he is a member. If, on the other hand, plaintiff knows that there has been a liquidation, he ought not to come into court saying that he does not know what has become of the company, even though he may not be satisfied with such liquidation, since the law requires a plaintiff to make a "clear and concise statement of the object" of his demand, and does not expect the courts to waste the public time by guessing at his meaning. We agree with the judge a quo that the allegations of the petition are vague and indefinite, and so far as we are able to discover they disclose no cause of action.

The judgment appealed from is accordingly affirmed.