No.——

First Circuit

## MACK v. LYON LUMBER COMPANY

(June 12, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Negligence—Par. 38; Pleading—Par. 23, 57.**

Where plaintiff's petition is vague in regard to the alleged fire which he claims was started through the carelessness of defendant's employee, exception of vagueness will be maintained allowing plaintiff reasonable time to amend his petition before trial.

Appeal from the Parish of Livingston. Hon. Columbus Reid, Judge.

Action by C. C. Mack against Lyon Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed, maintaining exception of vagueness and allowing plaintiff fifteen days to amend.

Amos L. Ponder, of Amite, attorney for plaintiff, appellee.

Cross and Moyse, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues for damages caused by a fire, which is alleged to have originated somewhere in the woods, near plaintiff's place, and which was started through the carelessness and negligence of defendant's employees and agents.

Plaintiff further alleges that said fire destroyed one hundred fifty panels of his fine white oak rail fence, a great lot of his young timber and merchantable timber and all the pine knots and rich pine, commonly called light wood, on his place. Plaintiff further alleges that this fire occurred on October 14, 1924, but no other detailed facts or circumstances are recited by him in his complaint. He prays for judgment in the sum of one thousand dollars.

Defendant excepted to plaintiff's petition on the ground of vagueness, but the trial Judge overruled this exception and in due time, ordered the case to trial, and finally rendered judgment in favor of plaintiff for three hundred fifty dollars. Defendant has appealed.

The first question that confronts us, is whether plaintiff's petition contains that clear and concise statement of the object of the demand as well as the nature of the cause of action on which it is founded, as required by paragraph 4 of Art. 172 of the Code of Practice. Defendant contends that plaintiff has failed to comply with the cited article of the Code of Practice and upon this ground it has filed its exception of vagueness.

There is no iron clad rule of law by which the appropriate application of an exception of vagueness may be determined. Each case must be judged from its own particular circumstances and situation, and in passing on an exception of this kind, much is left to the discretion of the trial judges.

The object of pleadings is to put the opposite party on his guard as to the proof of the facts with which he will be confronted on the trial of the case and that is the evident purpose of the quoted paragraph 4 of Art. 172, C. P. A pleader should be frank and candid in relating the facts upon which he bases his demand. Mere conclusions founded upon undisclosed suspicions will not fulfill this requirement of the law.

In this case plaintiff charges in substance that defendant's employees and agents carelessly and negligently set fire to the woods near his place and caused him great damage from said fire. He does not give the quantity and separate value of the different objects for whose destruction he claims damages. Beck vs. Fleitas, 37 La. Ann. 492; L. & N. vs. Sarpy, 117 La. 156, 41 So. 477. He does not say where the fire was set in the woods, except that it was near his place. He does not say where his place is situated nor what his place consists of, how far, nor in what direction, nor the relative situation of his place to the locus where the fire was set. Evidently, plaintiff in so charging knew that the fire had been set by employees of defendant. What employees? What were they doing? Were they engaged at the time in performing services on behalf of their employer? How was the fire set? Upon what ground does he base his allegation of carelessness and negligence? All these matters must have

been within plaintiff's knowledge in order to justify him in charging that the fire was set by the carelessness and negligence of defendant's employees, and it is but fair that he should disclose them, so that defendant might be prepared to meet the issue tendered in the suit. See State vs. American Sugar Rfg. Co., 138 La. 1014, 71 So. 137; Dave vs. Hartin, 128 La. 159, 54 So. 704. Must allege facts and not conclusions. Arent vs. Liquidating Com., 133 La. 134, 62 So. 602; State vs. Hockley, Hume & Joyce, 124 La. 863, 50 So. 772.

We therefore believe that plaintiff's petition fails to disclose a clear and concise statement of his demand as well as the nature of the cause of action on which it is founded, and that the trial Judge erred in not maintaining defendant's exception of vagueness. The penalty attached by law to a vague petition is not an absolute dismissal of the suit. Plaintiff is entitled to a reasonable delay to amend, then, if he fails to amend, dismissal of his demand should follow. Goldsmith vs. Virgin, 122 La. 831, 48 So. 279.

It is regrettable that our ruling will prolong this litigation, but defendant, is in our opinion, entitled to this relief and we feel in duty bound to grant it.

For these reasons the judgment appealed from is set aside and avoided, defendant's exception of vagueness is maintained, and it is further ordered that this case be remanded for the purpose of allowing plaintiff to amend his petition, provided that unless said petition is amended within fifteen days from the time the present ruling becomes final, plaintiff's demand shall be rejected and dismissed at his cost. Plaintiff to pay costs of the present appeal.