TERM OF 1901-1902. 95

Ice and Distilled Water Mfg. Co. vs. Anderson.

No. 13,468.

INDEPENDENT ICE AND DISTILLED WATER MANUFACTURING COMPANY, LIMITED, vs. J. S. ANDERSON.

### SYLLABUS.

1. Defendant sought to obtain his release from the payment of an asserted indebtedness by pleading the litigiousness of the claim. The claim is litigious. It is the basis of a suit pending in court. Plaintiff paid no consideration for the claim. It became his by the abandonment of the owners (who were the Independent Ice and Distilled Water Manufacturing Company, Limited,) by whom it was transferred to the present plaintiff without consideration.

2. The law is that in order that a debtor owing a claim that is litigious may obtain his release, he shall pay to the transferree the real price of the transfer. The transferree did not pay anything for the claim. No price could be tendered, and, in consequence, no release could be obtained.

3. Speculation in suits is sought to be restrained. The gratuitous transfer of a litigious claim, in good faith, is not considered, under the terms of the law. in the light of the purchase of a suit for speculative purposes.

APPEAL from the Civil District Court, Parish of Orleans— *King, J.*

*William F. Brewer* and *Parkerson & Tobin* for Plaintiff, Appellant.

*Buck, Walshe & Buck,* and *William S. Benedict,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff brought suit to recover the sum of three thousand dollars and twenty-three and 1-100 dollars from the defendant.

Defendant, while manager of the Independent Ice and Distilled Water Manufacturing Company, Limited, borrowed, plaintiff sets forth, an amount of that corporation and, in addition, defendant became indebted to it for items collected by him for its account. The shares issued by the company were issued in the proportion of ninety-seven to Thompson, and fifty shares to defendant, Anderson. Three other shares were owned by three other shareholders, each being the owner of one share, making a total of one hundred and fifty shares issued altogether by the company.

Disagreements arose between Thompson and Anderson, and, as a result, suits were instituted. One of these suits came up on appeal some time since, and the existence of the corporation as between the parties was sustained. Anderson vs. Thompson, 51 Ann. 727.

In January of 1899, Thompson sold his shares of stock to Zitker and McGard, and for an amount stated as being a full and complete consideration. Following this sale Anderson sold his shares of stock, and from that time neither Thompson nor Anderson had any interest in the corporation. A number of days after Dr. Thompson had transferred his shares of stock for an adequate price to the parties named, the plaintiff corporation, through its Board of Directors, subrogated Dr. Thompson to all of its claims against Anderson and to all interest in the present suit. There was no consideration for this transfer of the suit in question. The parties sought to make it appear that there was a consideration by inserting a declaration in the transfer that it, the consideration for the transfer, consisted of the shares of stock which Dr. Thompson had sold as before mentioned. It is evident that this transfer was purely gratuitous and that after the relinquishment had been made of the suit in favor of Dr. Thompson, the parties concerned sought to give this transfer some validity by seeking to have it appear that it was covered by the terms of the previous sale of the stock. The following is an excerpt from the resolution of the Board, which evidences the act of transfer by the corporation: "The said company shall transfer and subrogate to Dr. Thompson all the rights, title and interest of said Independent Ice and Distilled Water Manufacturing Company, Limited, in the suit of that company against J. S. Anderson, No. 55,203 of the docket of the Civil District Court, and under this resolution Thompson became the owner of the claim which had previously belonged to the company and this, as we have before stated, without the least consideration so far as the record discloses.

Defendant interposed a peremptory exception setting forth that Dr. Thompson, who claimed as subrogee of the Independent Ice and Distilled Water Manufacturing Company, Limited, had not paid any consideration for the claim; that at the time of the asserted transfer to him by this company, the suit for the same was pending in the court in the name of the company; that the pretended acquisition of plaintiff's (the said company's) right therein by Dr. Thompson was the acquisition of a litigious right, that it having been acquired without consideration, the said Thompson had no standing in court and that his suit should be dismissed.

Evidence was taken upon this exception, showing that the transfer in question was made without consideration. The exception was maintained and the suit dismissed. From this judgment plaintiff prosecutes this appeal.

The first and principal question to be decided in this case is one which arises out of the fact that the present plaintiff, subrogee of the original plaintiff, is the transferree of a litigious right, and that he owns the right without having paid anything for it. The litigiousness of the claim is manifest. The transfer without consideration gives rise to a new question in this jurisdiction. We have found no decision in our reports bearing directly upon this subject. The contention of defendant is that he is entirely released from payment of his (plaintiff's) claim. The law provides that the debtor is entitled to a full release and acquittance upon tendering the amount paid for the litigious claim. When the holder and owner has not *paid* anything, there cannot be a tender of any amount. This is in substance the law.

The article of the Code invoked by defendant contemplates that one against whom a litigious right has been transferred, may get himself released only by paying to the transferree the price of the transfer and interest. We take it that a proper construction excludes the *donation* or the transfer of a claim for *nil* from the terms and provisions of the article. C. C. 2652. No price having been paid, the debtor can make the tender of no amount to obtain his release. Without a price, there is nothing upon which the debtor can operate to obtain his release.

In the absence of decisions upon the subject by this court, we have reference to commentators on the civil law. Pothier says: "The donee of a litigious claim may exact all that was due to the donor." (Dupin Edition) Droit Francais, Vol. 2, p. 261, Sec. 291. The purpose is to restrain *buyers* from *purchasing* litigious claims. Laurent, upon the same subject, informs us that, under Articles 1692, 1699 and 1700 of the Code Napoleon, corresponding to Articles 2652 and 2653 of the Louisiana Code, a sale and not a donation is referred to. The text does not embrace a donation. (Sec. 583). All the authors entertain that view. The following is the translation of an excerpt from a digest of French decisions: The gratuitous transfer of a litigious right is not subject to the re-purchase authorized by Article 1699 C. N. (C. C. 2652) Fuzier-Hermann, Vol. 4, p. 219. The principle is well established. The authorities are sometimes divided in their conclusions in treating of the method followed in executing the right, as for instance,

98                SUPREME COURT OF LOUISIANA,

if the donation is only a sale in disguise and other similar acts of no application here.

The issues have not been disposed of on the merits. The case was dismissed on exceptions. We do not think that in the present condition of the case, we should pass finally upon the questions presented on the merits.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided and reversed, the peremptory exception being overruled.

It is further ordered, adjudged, and decreed. that the suit be reinstated on the docket of the District Court to be proceeded with in accordance with the views herein expressed. Costs of appeal are to be borne by the appellee and the costs of the District Court to await the final determination of the suit.

Rehearing refused.

PROVOSTY, J., takes no part.