Something was said in the argument at the bar about the sale of cotton seed meal.

The testimony informs us that plaintiff buys oil cakes for the purpose of grinding them into fertilizers; that they are pulverized and used in mixing the fertilizers. We are further informed that plaintiff as a rule did not sell this meal. It happened that last year, toward the end of the business season, it had a larger quantity of these cakes (bought by plaintiff) than necessary for its use. It sold them, as it would have been a loss to the company had the oil cakes been kept until the next season.

The cotton seed meal was an incident. If they were engaged in buying and selling cotton seed, they should pay. But that is not the way the matter was shown in the testimony. They have to buy a certain quantity for their business.

We take it from the testimony that when this sale of cotton seed meal was made the assessment had been closed. Moreover, we are not inclined to the view that under the circumstances this property was subject to taxation, as it was not plaintiff's business to sell this product; i. e., cotton seed meal. The one or more sales to get rid of it did not render plaintiff subject to taxation.

While it was entirely proper, and we may say even commendable, for the assessor to assess defendant's business in order to find out whether or not it was subject to taxation, the plaintiff company cannot be held bound by the statement made by the assessor in his return. That return could be explained or modified, after having heard testimony, to accord with the facts as they were.

The plaintiff was not estopped, and could be heard through its witnesses, to prove that this property was exempt. It could not be held to the strict letter of the assessment, and could not be prevented from showing that the amount was held by it for a different purpose than that stated in the assessment; that is, it could not be prevented from showing that it was an amount strictly forming part of its business.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

---

(41 South. 29.)

No. 15,949.

BORAH et al. v. O'NIELL.

In re BORAH et al.

(Feb. 26, 1906. On Rehearing, March 26, 1906.)

1. PARTNERSHIP—SUIT TO DISSOLVE—PLEADING.

A petition which alleges a partnership, and alleges good reasons why it should be dissolved, and alleges that it should be liquidated, and alleges that the defendant partner owes the petitioners certain specific debts by reason of his failure to contribute his share of the expenses of the partnership, and prays that the partnership be dissolved, and prays judgment against the defendant partner for the specific debts, "or, in the event that the court should fail to find that these specific amounts are due, then for a judgment for whatever amount the court may find to be due, and further prays for such other and further remedy and relief

as the nature of the case may require and law and equity permit," shows a cause of action.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, §§ 769–771.]

2. SAME—NATURE OF PETITION.

An allegation in such a petition referring to certain debts as having accrued after the dissolution of the partnership, and reserving the right to recover these debts in another proceeding, does not change the nature of the petition as one in settlement of partnership.

3. SAME—DISSOLUTION.

A partnership for the cultivation of a plantation is dissolved by the seizure of an undivided interest in the plantation, whereby the partnership is deprived of the control of the plantation.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, §§ 608, 614–616.]

(Syllabus by the Court.)

Action by Charles F. Borah and John A. Landen against Charles O'Niell. An exception of no cause of action was overruled by the district court, and judgment was sustained by the Court of Appeal, and the suit dismissed, and plaintiff brings certiorari.

Foster, Milling, Godchaux & Sanders and Henry Meyer, for applicants. Charles O'Niell (D. Caffery & Son, of counsel), for respondent.

PROVOSTY, J. In the district court this case was tried on the merits. In the Court of Appeal an exception of no cause of action, which had been overruled by the district court, was sustained, and the suit was dismissed. The case is before this court on writ of review to the Court of Appeal.

The petition reads as follows:

"That they are the owners in indivision with Charles A. O'Niell of a certain sugar plantation situated in the parish of St. Mary, known as the Daisy or St. Mary Plantation; that after acquiring said plantation they entered into a verbal agreement of partnership by which they formed a partnership under the firm name of O'Niell, Landen & Borah, for the purpose of carrying on planting operations upon said plantation. It was distinctly agreed and understood, that one of your petitioners, John A. Landen, should be general manager and superintendent of the said plantation for the said partnership, with full power for it to enter into all contracts and especially to contract all such

116 LA.—22

obligations as might be necessary for the growing and harvesting of crops on said plantation.

"Your petitioners show that under this agreement the said Landen took possession of said plantation as the agent of the said partnership. He grew and harvested the crop there during the year 1902, and there was a profit of several hundred dollars, which, by agreement of parties, was used for the joint account of the said members of the said partnership by paying for mules purchased for said plantation; that it then became necessary, for the purpose of growing the crops upon the plantation for the year 1903, to borrow money and incur debts for fertilizers and supplies to carry on said planting operations.

"Your petitioners show that the said John A. Landen, manager, as such, at the beginning of the crop year 1903, and up to May 12th of that year, secured money to run said place by borrowing first from himself and then from C. F. Borah, and thus carried on the planting operations for said firm to the date aforesaid, May 12th, at a cost to said firm of $2,110.79; that at this time the interest of the said O'Niell in the said plantation was seized by the sheriff of the parish of St. Mary under a certain executory process entitled Charles F. Borah v. C. A. O'Niell, No. 130 of the docket of this honorable court; and, there being no funds available at that time for the purpose of carrying on said planting operations, your petitioners joined, by the sheriff who then had the one-third of said O'Niell under seizure, executed in favor of the St. Mary Bank of this place, a pledge upon the crop then being grown; and upon your petitioners solidarily guarantying the payment of the $2,500 represented by said pledge note, secured advances with which to finish cultivating and harvesting said crops; and one of your petitioners, John A. Landen, having been appointed as keeper of the interest seized by said sheriff, and instructed as such to go on with said crop, finished cultivating and harvesting the same at an additional cost of $2,553.60; that the note thus given and secured by said pledge was paid after its maturity by one of your petitioners, Charles F. Borah.

"Your petitioners show that the crop season of the year 1903 proved disastrous, and that there was a loss on account of the raising and harvesting of said crop, and outside of the amount paid for mules, as hereinafter recited, of $3,236.17, the said amount of money being expended in raising and harvesting said crop being the sum of $4,664.39; and the amount realized from the sale of the same and other credits amount to the sum of $1,428.23 leaving a shortage, as aforesaid and as will appear by reference to a statement hereto attached, marked 'A' and made a part thereof. In addition to this shortage, and the loss from said crop, there was a note in favor of J. D. Sims & Sons for mules purchased, maturing January 1, 1904, amounting in principal and interest to maturity, to $772.96.

"Your petitioners show that of the amount expended up to the seizure of May 12, 1903,

to wit, $2,110.79, or thereabouts, the said C. A. O'Niell has not paid any part thereof and is due his one-third to your petitioners, they having advanced the money or paid the debts of said partnership to said amount, and that they are entitled to a judgment against the said C. A. O'Niell for one-third of the above named amount or whatever is shown to have been expended for said firm to the date of seizure, with 5 per cent. from May 12, 1903.

"They further aver that after the seizure of the one-third interest of the said O'Niell by the said sheriff there were further expenses incurred up to December 10, 1903, the time at which said crop was harvested, in the sum of $2,553.60; that this amount has been paid by your petitioners and advanced for the purpose of making said crop; but that the one-third, which would otherwise be due by said O'Niell, should be taxed as costs and paid by preference out of the sale of the said plantation when sold, and however sold, and they reserve the right to have the same so taxed, or to claim the same in future litigation, as the expense is still going on and will continue until the property seized is sold and the partnership finally dissolved and liquidated.

"Petitioners aver that the mules purchased, as above referred to, were settled for by a note drawn in solido by C. A. O'Niell, John A. Landen, and C. F. Borah in favor of J. D. Simms & Sons, bearing 8 per cent. interest per annum from February 7, 1903, and conditioned for the payment of attorney's fees at 10 per cent. which note in principal and interest to its maturity, aggregated the sum of $772.96, as shown by said note attached, and which was paid by petitioners, and of which amount they are entitled to recover one-third from the said O'Niell with 8 per cent. per annum interest from January 1, 1904, and 10 per cent. attorney's fees.

"Your petitioners show that these mules were purchased for the purpose of carrying on farming operations for the year 1903 on said plantation and that the note as executed by your petitioners with the said O'Niell was due one-third by each; and that your petitioners having paid the said note the said O'Niell is due one-third of same to your petitioners, to wit, $257.65, with 8 per cent. per annum interest thereon from January 1, 1904, and 10 per cent. attorney's fees.

"Petitioners further aver that the partnership existing between them should be dissolved and liquidated; that the said C. A. O'Niell, during the entire year of 1903, failed and neglected to make good any of his part of the obligations contracted by or for the said partnership, and still fails to do so, claiming he is unable so to do; that he has paid no part of the running expenses of the said partnership, and for these and others reasons your petitioners are entitled to have the partnership dissolved and liquidated.

"They aver that in dissolving this partnership, and adjusting the accounts of the said partnership, and determining the amount which proceeds realized from the sale of the crop grown during the past year should be credited, and, after so directing the credits from said crop, then your petitioners should have, and they hereby specially reserve the right to have, one-third of whatever may have been expended since the said seizure taxed as costs of court in the suit of Charles F. Borah v. Charles A. O'Niell, as whatever indebtedness has been incurred since the seizure has been incurred by the sheriff by operation of law, and that while the same has been paid by one of your petitioners, C. F. Borah, and is due by the said C. A. O'Niell, the same should be taxed as costs.

"Wherefore petitioners pray for service hereof and citation on the said C. A. O'Niell according to law, and on final trial they pray for a judgment decreeing the dissolution of the partnership existing between them and the said C. A. O'Niell as set forth in the foregoing petition, and, on final trial, they pray for a judgment against the said C. A. O'Niell jointly in favor of your petitioners, C. F. Borah and John A. Landen, for the full sum of $703.59, it being one-third of the amount advanced and which is due by the said C. A. O'Niell for amounts expended in raising the crop up to the date of seizure of his interest in said property, with 5 per cent. per annum interest thereon from May 12, 1903.

"Petitioners further pray for judgment jointly in their favor, and against the said C. A. O'Niell, for one-third of the amount expended for mules, to wit, the sum of $257.65 with 8 per cent. per annum interest thereon from January 1, 1904, and 10 per cent. attorney's fees; or, in the event that the court should fail to find that these specific amounts are due, then for a judgment for whatever amount the court may find to be due your petitioners by the said C. A. O'Niell after directing the manner in which the proceeds from the sale of the said crop should be credited.

"They further pray that the right of the plaintiffs herein be reserved to demand one-third of all amounts expended since the seizure of the interest of the said C. A. O'Niell, and to have one-third of the same taxed as costs in said executory process, upon the termination thereof.

"They further pray for such other and further remedy and relief as the nature of the case may require and law and equity permit."

This petition appears to us to show a cause of action. While it is vague, involved, and unsatisfactory, it sufficiently shows that a partnership was formed between plaintiffs and defendant for cultivating a plantation they owned in indivision, one-third each; that the third of defendant has been seized, and continues to be under seizure, so that the plantation has been since the seizure, and is still being, operated, not by the partnership, but by the plaintiffs and the sheriff;

and that the partnership has been thereby dissolved; and that plaintiffs desire to have a settlement of it.

Partnership ends by the extinction of the thing, or the consummation of the business. Civ. Code, art. 2876. In this case, the thing was not extinguished nor the business consummated, but the partnership was just as effectually put out of business by the seizure as it could have been by either of these events: It was deprived of the control of the plantation whose cultivation formed the sole object and purpose of its existence. A partnership entered into for running a steamboat, is put an end to by the destruction of the boat. Claiborne v. Creditors, 18 La. 501. On the same principle, a corporation comes to an end when permanently deprived of the work which formed the sole purpose of its organization. Succession of Hutchinson, 112 La. 656, 36 South. 639.

There is also the allegation that defendant has failed to furnish his share of the expenses of the partnership, and has declared his inability to do so. This is good ground for demanding a dissolution. Civ. Code, art. 2888.

The special reason for which the court of appeal thought the petition failed to show a cause of action was that it did not distinctly pray for a full and final settlement of the partnership. True, it does not; but, taking the petition as a whole, the purpose of having a settlement of the partnership sufficiently appears. Smith v. Corcoran, 7 La. 46; Bradford's Heirs v. Clark, 7 La. 147; Independent Ice Co. v. Anderson, 106 La. 55, 30 South. 270; Id., 106 La. 95, 30 South. 272; Police Jury v. Shreveport, 5 La. Ann. 661.

There is the allegation that the partnership should be liquidated, and there is the prayer that defendant be condemned for whatever amount may be found to be due, in case he is not found to owe the specific amounts claimed. There is also the very full prayer for general relief, which, taken in connection with the allegation that the partnership should be liquidated, goes very far towards helping out the situation.

The suggestion is made that if the suit is one for the settlement of the partnership, then, the court of appeal has not jurisdiction of it; because the amount involved, or sum to be distributed, would exceed $2,000. That is a question on which the Court of Appeal has not yet pronounced itself. If it finds that the amount involved exceeds its jurisdiction, it can take appropriate action in the premises.

The reference in the petition to the debt incurred under the joint management of the sheriff and plaintiffs, and the reserve of the right to claim the amount in another suit, do not detract from the petition; they are mere surplusage. Any debts incurred after the seizure, and after the consequent dissolution of the partnership, are not involved in its settlement of the partnership.

The judgment of the Court of Appeal is set aside, and the case is remanded to that court to be proceeded with according to law; defendant to pay the costs of the proceedings in this court.

### On Rehearing.

PER CURIAM. It may be conceded that a partnership is not, ipso facto, dissolved by the seizure of the interest of one of the members. In the instant case, the seizure appears to have been maintained quod the plantation upon which the operations of the firm were conducted and was set aside only as to the crop and the movables which had been placed upon the plantation by the partnership. Apart from this, and without reference to the question of dissolution, vel non, we are of opinion that the petition discloses a cause of action. The rehearing is accordingly, refused.