SOMMERVILLE, J.
Plaintiff, liquidator of the B. C. Drew Investment Company, declaring that said company is a creditor in a large amount of the Bank of Monroe, asks that Sigmund Marx, D. A. Breard, and Henry Carter, liquidating commissioners of said bank, “be ordered to appear and answer herein, and that they be ordered to show cause, if any they have, on a date to be fixed, why the prayer of this petition should not be granted, and a receiver be appointed as herein prayed for.”
The liquidating commissioners of the Bank of Monroe appeared and excepted to the petition of plaintiff, on the ground that it disclosed no cause of action; and, further, pleaded res adjudicata.
The exception of no cause of action was overruled; the plea of res adjudicata was sustained; and plaintiff’s suit was dismissed. Plaintiff appeals.
The plea of res adjudicata filed by defendants appears to be based upon a judgment in a suit by this same plaintiff, and against these defendants, as liquidators of the Bank of Monroe, for $50,000. A copy of the record of that suit is attached to and made part of plaintiff’s petition in this case.
While the parties to the suit just referred to are the same as the parties to this suit, the causes of action are different. In the former suit, plaintiff asked for a money judgment against defendants, as liquidators of the Bank of Monroe. In the present suit, plaintiff asks for the appointment of a receiver to the Bank of Monroe. The plea of res adjudicata should have been overruled.
[2] The exception of no cause of action filed by defendants is based upon the facts that while petitioner declares himself, in his representative capacity, to be a creditor of the Bank of Monroe, he does not allege any special indebtedness, or ask that he be declared a creditor, or for a judgment against said bank, or its liquidating commissioners, in any sum whatever; that the petition for the appointment of a receiver is an ancillary proceeding, depending upon a demand by the applicant to be recognized and decreed a creditor of the corporation, for which he is asking that a receiver be appointed. Further, that the record of the suit in which plaintiff asks for a money judgment against the Bank of Monroe, and which is attached to and made part of his petition, shows that a final judgment has been rendered therein, dismissing plaintiff’s *137 suit, at Ms costs; and shows that plaintiff is not a creditor of the said hank. Defendants further urge that the petition in this cause does not charge any specific mismanagement or other acts on their part which would justify their removal, as liquidators, and which call for the appointment of a receiver.
The allegations in plaintiff’s petition referring to defendants’ mismanagement as the liquidators of the affairs of the Bank of Monroe are as follows:
“That the liquidating commissioners of the said bank, while denying and disputing petitioner’s claim as a creditor and contesting and resisting its legal enforcement and recognition, have given, are giving, and are planning to give ah of the assets of the- said bank to the Bankers’ Trust Company, and have sent, are sending, and are intending and planning to send the assets of the said bank out of the state of Louisiana, and .apply, or undertake to apply, the' same to the indebtedness claimed by the Bankers’ Trust Company, and thus to put same beyond the reach of your petitioner as creditor of the said bank.
“That the liquidating commissioners of the said bank are, as hereinabove set forth and otherwise, jeopardizing the rights of the creditors by grossly mismanaging the business affairs of the bank, and by committing acts beyond their powers and authority, and by misusing and misapplying the property and funds of said bank.”
These allegations are vague and indefinite; no specific charges are made against defendants. The allegation that defendants have given-, are giving, and are planning to give the assets .of the bank which they represent to the only recognized creditor of the Bank of Monroe is to charge that they are performing their duty; and is not a charge of mismanagement on their part. Nor is there mismanagement on their part in resisting plaintiff’s demand for a money judgment against the bank which they represent. The charges are insufficient, and would not admit of any evidence under them, if objected to; and they do not form a proper ground upon which to base a judgment appointing a receiver. Besides, an application for the appointment of a receiver must be made by a stockholder or a creditor.
Defendants allege that plaintiff is not a creditor of the Bank of Monroe, and that he has been judicially declared not to be a creditor. They refer to the former suit between the same parties, a copy of the record of which plaintiff has attached to his petition, and which forms a part of it. It therein appears that plaintiff asked for judgment against defendants, liquidators of the Bank of Monroe, for $50,000, to wMch petition they excepted. It further shows that the plea of res adjudicata filed therein was sustained on December 19, 1912, and the suit was dismissed; that a motion for a new trial was filed December 23, 1912, and overruled January 4, 1913; and that no appeal had been taken from said judgment. It further appears that said judgment has not been signed.
[1] The application for the appointment of a receiver to a corporation, under the terms of Act No. 159 of 1898, p. 312, must be made to a district court of the state by a stockholder or creditor, as the domicile of the corporation; and the judge must dispose of the matter in a summary manner.
In the matter of the present application it appears that the district judge has heard not only this application, but also a suit between the same parties for a money judgment, and he has decided that the applicant is not a creditor of the Bank of Monroe, represented by these defendants. His judgment in this case is sustained by the record of the suit just referred to, and which plaintiff attached to and made part of his petition in this cause. That record shows that the plaintiff’s suit for a money judgment against defendants was filed in the same court as is this suit, and that the same judge, after hearing the parties, decided that plaintiff was not a creditor of defendants, or the bank which they represent. As that judgment has not been appealed from or annulled, and the judge appears to confirm that opinion in this *139 case, his judgment to that extent will not he disturbed.
[3] An application by one alleging himself to be a creditor of a corporation for. the appointment of a receiver to that corporation, which shows on its face that he has been judicially declared not to be a creditor, discloses no cause of action, and it will be denied and dismissed.
If the application of plaintiff had been asked in aid of an appeal taken from the judgment dismissing the suit, a different case would have been presented.
It is therefore ordered, adjudged, and decreed that plaintiff’s petition discloses no cause of action, and the judgment appealed from is affirmed, with costs.
On Application for Rehearing.
LANID, J.
The court below overruled the exception of no cause of action and sustained the plea of res judicata. This court sustained the exception of no cause of action, and held that the plea of res judicata was bad, Plaintiff in his application for a rehearing prays that the decree of this court be recast so as to overrule the plea of res judicata, and to reserve his right to appeal from the judgment rendered in the original suit óf Abe Arent, Liquidator, v. Liquidating Commissioners of the Bank of Monroe, No. 7,941 of the docket of the court below. We think the request a reasonable one, and it is ordered that our former decree in this case be set aside and recast so as to read as follows:
It is therefore ordered that the judgment below be reversed, and it is now ordered that the defendants’ plea of res judicata be overruled; and it is further ordered that defendants’ exception of no cause of action be sustained, and this suit be dismissed with 'costs; without prejudice, however, to any right of appeal that the plaintiff may have in suit No. 7,941, of the docket of the court below. It is further ordered that the costs of appeal be paid by the plaintiff; and that his application for a rehearing be overruled.