(84 South. 169)

No. 22172.

HART v. STANDARD OIL CO. et al.

(April 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. MINES AND MINERALS ☞78(7) — EVIDENCE HELD TO SHOW DEVELOPMENT UNDER OIL LEASE.

In an action by a lessor against a lessee oil company to compel further development of lands, proof *held* ample that the number of wells drilled on plaintiff's land compared with the area showed a more thorough development than lands of like character in the same field generally had, and so complied with the lease.

2. MINES AND MINERALS ☞78(7)—EVIDENCE HELD INSUFFICIENT TO REQUIRE OFFSETTING OF OIL WELL ON ADJACENT LAND.

In a lessor's action to compel lessee to offset drilled wells on adjacent tracts in accordance with custom in the field, evidence *held* to show that it was not a custom to drill offset wells unless wells on adjacent land were 200 feet from the line, and that there was but one well within such limit which was of such small production that the district custom did not require an offsetting well to prevent draining of plaintiff's land.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by Tycus Hart, Jr., against the Standard Oil Company and another. Decree for the named defendant, and plaintiff appeals. Affirmed.

John B. Files, of Shreveport, for appellant.

J. C. Pugh & Son, of Shreveport, for appellee.

O'NIELL, J. This is an action to compel further development under an oil and gas lease, and to compel the offsetting of wells drilled on lands adjoining the leased premises, or, in the alternative, for annulment of the contract of lease. Plaintiff also asks for a judgment for $5,000 damages against the defendant Standard Oil Company of Louisiana for the alleged failure to drill enough wells on the land and to offset wells drilled on adjoining lands.

On the 6th of December, 1907, plaintiff leased his land, being two tracts containing in all 320 acres, to M. L. Benedum, H. S. Glenn, and L. L. Thomas, granting them the right to drill and develop the land for oil and gas, under certain stipulations and conditions.

On the 15th of January, 1908, the lessees, not having drilled any wells, transferred the lease to a corporation styled J. C. Trees Oil Company.

On the 19th of September, 1910, the lessor and the J. C. Trees Oil Company signed an agreement, modifying and amending the original contract in some particulars, and adding several stipulations, of which the following is now alleged to have been violated, viz:

"The said J. C. Trees Oil Company obligates itself and agrees that, after the said well on land in section twenty-two has been connected with tank or pipe line, as herein provided, and the other two wells herein provided for have been completed, to continue development of the said lands in the same manner as the lands of like character and value in the Caddo field are developed, and to drill wells on said lands to offset wells on the adjacent lands, as is customary in the Caddo field."

Thereafter the J. C. Trees Oil Company transferred its gas rights to the Arkansas Natural Gas Company, and transferred its oil rights to A. C. Bedford, who, in turn, transferred the oil rights to the Standard Oil Company of Louisiana.

This suit was filed in October, 1915, against both the Arkansas Natural Gas Company and the Standard Oil Company of Louisiana.

The complaint is that the defendants violated the obligation "to continue development of the said lands in the same manner as the lands of like character and value in the Caddo field are developed, and to drill wells on said lands to offset wells on the adjacent lands, as is customary in the Caddo field."

The Arkansas Natural Gas Company, answering the suit, acknowledged that no gas well had been drilled on the land, and that the company had no intention of drilling a gas well, believing that gas wells could not be drilled there profitably. The gas company therefore disclaimed any and all interest in the gas rights, as far as such disclaimer could be made without prejudicing the oil rights claimed by the other defendant.

The Standard Oil Company, in its answer, denied that there had been a lack of development, or failure to drill any needed offset well, and denied that there had been a violation of either an express or an implied obligation of the contract.

Judgment was rendered against the Arkansas Natural Gas Company, annulling all gas rights theretofore claimed by the company. As no appeal was taken from that decree, the controversy regarding the gas rights is at an end. Judgment was rendered in favor of the Standard Oil Company, rejecting plaintiff's demands as to the oil rights; and he prosecutes the appeal from that decree.

[1] The questions presented for decision are: First, whether plaintiff proved that the development of the lands for oil was not done "in the same manner as the lands of like character and value in the Caddo field are developed"; and, second, whether plaintiff proved that there was a failure on the part of defendant "to drill wells on said lands to offset wells on the adjacent lands, as is customary in the Caddo field."

Defendant drilled 20 oil wells on the 320 acres of land, from which plaintiff received as royalty $90,000. The wells cost the Standard Oil Company more than $650,000, and had not yet yielded a profit to the company when this suit was filed.

There is ample proof that the number of wells that were drilled upon plaintiff's lands, compared with the area, was a more thorough development than lands of like character in the Caddo oil field generally had.

[2] With regard to defendant's obligation to offset wells drilled on lands adjacent to plaintiff's lands, the evidence shows that it was not the custom of lessees in the Caddo oil field to offset a well on an adjacent tract of land unless it was within 200 feet from the line and produced oil in considerable quantity. The only well drilled on an adjacent tract of land, within 200 feet from plaintiff's land, that was not offset by defendant, was 192 feet from the line, and was of very small production. The testimony of men of experience in the business shows that the well could not have drained plaintiff's land, and therefore did not call for an offset well. There is ample proof, too, that the custom in the Caddo oil field did not demand that a well of that capacity and at that distance should have been offset.

The judgment appealed from is affirmed.