BRUNOT, J.
 

 This suit is for a partial cancellation of an oil and gas lease and for alleged damages. Erom a judgment sustaining an exception of no right or cause of action, the plaintiffs appealed.
 

 On December 16, 1907, Tycus Hart, Jr., leased to three nonresidents of the state the following described lands:
 

 “The W. % of W. % of Section 21; S. % of S. E.
 
 Yi
 
 Section 20; E. % of S. W. % Section 22; all in T. 21 R. 16 in Caddo Parish, ‘ Louisiana, containing 320 acres more or less.”
 

 The lease is for ten years, and for as long thereafter as oil or gas is produced on the leased premises in paying quantities, provided the lessee shall complete a well thereon within one year from the date of the lease, or shall thereafter pay to the lessor-quarterly, in advance, rent at the rate of $1 per acre per year. The consideration for the lease was the cash payment of $1, other valuable considerations, a one-eighth royalty for oil delivered in tanks or pipe lines at the surface near the mouth of the well, and 10 per cent, of all gas sold from the premises.
 
 *186
 
 The contract contains other stipulations, such as are usually found in oil and gas leases, but they have no bearing on the issues presented in the suit and need not be mentioned.
 

 The lessees made no effort to develop any part of the lands, but on January 15, 1908, they assigned the lease to the J. O. Trees Oil Company, of West Virginia. On September 15, 1910, this assignee entered into a supplemental agreement with the lessor wherein it amended certain provisions of the lease. The only amendment of importance Is as follows:
 

 “The said J. C. Trees Oil Co., obligates itself and agrees that after the said well on lands in Sec. 22 has been completed and cleaned out and the two other wells herein provided for have been completed, to continue developments of said lands in the same manner as the lands of like character and value in the Caddo field are developed, and to drill wells on said lands, to offset wells on the adjacent lands as is customary in the Caddo Melds.”
 

 On November 3, 1910, the J. C. Trees Oil Company assigned the lease to Alfred C. Bed-ford, a resident of New York, and, on the same day, Alfred C. Bedford assigned the lease to the Standard Oil Company of Louisiana.
 

 The leased properties consist of two tracts of land, separated by other lands. One tract contains 240 acres and the other 80 acres. This suit is for the cancellation of the lease in so far as it affects the 80-acre tract and for damages resulting from the alleged failure of the lessee to properly develop that tract, which is described as the E. % of the S. W. % of section 22, township -21v range 16, Caddo parish, La.
 

 This suit was filed January 19, 1928, by the widow and heirs of Tycus Hart, Jr. In the petition they allege that shortly after the Standard Oil Company acquired the lease it drilled four wells on the 80-acre tract, three of which wells produced considerable oil or gas, but that defendant has abandoned these wells and has ceased developing this land; that land in the immediate vicinity is producing oil and gas in paying quantities; that an offset well near the said land is draining the oil and gas from under it to its detriment and to the damage of petitioners; and that defendant has failed and refused to develop said land in the same manner as lands of like character and value are being operated in the Caddo fields. The prayer of the petition is for the cancellation of the lease in so far as it affects the 80-acre tract; for $8,000, with legal interest thereon, as damages; and for $2,000 as attorneys’ fees.
 

 The defense is twofold, viz: That the lease is an indivisible contract; and that the petition does not allege any fact showing lessee’s failure to develop the leased lands in the same manner as other lands of like character and value in the Caddo field are developed, or to drill such offset wells thereon as is customary in that field.
 

 The trial judge did not assign written reasons for sustaining defendant’s exception of no cause of action, but we gather from the briefs of counsel that the judgment is based upon the finding that the petition does not allege a single fact indicative of the custom in the Caddo oil fields relative to the manner the lands in that field are developed, or relative to the drilling of offset wells on said lands. In the plaintiffs’ brief, p. 19, it is said:
 

 “The court below really based its opinion upon the ground that the petition was defective in that it failed to set forth the manner in which lands of like character and value were operated in the Caddo Oil Fields. It said that since the defendant was obligated to drill in this manner, it was not sufficient to set forth that it had not done so without stating definitely the manner in which lands of like character and value were operated in the Caddo Oil Fields.”
 

 
 *188
 
 Plaintiffs’contend that'the obligation of defendant to develop the leased lands is alleged, in'the petition, in the express words of the contract of lease, together with the additional allegation that'the defendant has not complied with that obligation. They also contend that the court should have taken judicial notice of the customs relative to the development of lands and the drilling of offset wells thereon in the Caddo oil fields.
 

 It appears from the briefs of both litigants that the trial judge was not familiar with either of the customs mentioned. This fact, alone, would seem to be a sufficient answer to the plaintiffs’ second contention. In 15 R. C. L. p. 1121, it is said:
 

 “The rule of judicial notice as applied to usages and customs is that notice will be taken- of a custom or usage which has become general to a sufficient extent to be a matter of general knowledge. In this connection it has been said that usage to be noticed judicially must be of such long standing as to have become a part of the law itself, and that the leading distinction between custom, considered as usage, and law is that the former is restricted to a particular locality or class of persons, or business, while the latter is universal throughout the jurisdiction. Wherefore, of a custom which is special that is, limited to a particular locality, or business, or class of people, judicial notice will generally not be taken.”
 

 The rule is more concisely and more liberally stated in Am. & Eng. Ency. of Law, vol. 17, p. 945. There it is said:
 

 ' “Where a custom or usage is of such notoriety and obtains so extensively as to be a matter of general knowledge and common information, judicial notice is taken thereof by the courts. But a particular usage or custom, having a circumscribed and limited application, is not so noticed, but must be supported by proof.”
 

 Counsel for pláihtiffs cite, in this 'connection, the eases- of Tiller v. City of Monroe, 5 La. App. 473, and Broussard v. Bernard, 7 La. 211. We do not see the application of the cited eases to the case at bar. In the Broussard-Bernard Case the plaintiff tendered parol' proof to prove a particular, custom which the law directed should be proved in another way,- and the court so held. The Tiller Case was a suit for damages for personal injuries. It was held, in that case, that the court must take judicial notice of the fact that a city is a municipal corporation.
 

 In answer to the alleged failure of the defendant to comply with, its obligation to drill offset wells on the leased premises, counsel for defendant, in- argument and in brief, have directed our attention to the case of Hart v. Standard Oil Co. of Louisiana, 146 La. 885, 84 So. 169. The plaintiffs in this suit are the surviving widow and heirs of the plaintiff in the case referred to. That case was an action to compel further development under the same lease which is involved in this suit.’ and to compel the offsetting of wells drilled on lands adjacent to the leased premises, or," in the alternative, for the annulment of the lease. In that case this court said:
 

 “With regard to defendant’s obligation to offset wells drilled on lands adjacent to plaintiff’s lands, the evidence shows that it was not the custom of lessees in the Caddo oil field to offset a well on an adjacent tract of land unless it was within 200 feet from the' line' and produced oil in considerable quantity. The only well drilled on an adjacent tract of land, within 200 feet from plaintiff’s land, that was not offset by defendant, was 192 feet from the line, and was of very small production. The testimony of men of experience' in the business shows that the .well could not have drained plaintiff’s land, and therefore did not call for an offset well. There is ample proof, too, that the custom in the Caddo oil
 
 *190
 
 field did not demand that a well of that capacity and at that distance should have been’ offset.”
 

 In answer to plaintiffs’ contention that a cause of action is sufficiently stated if the petition alleges, in the express words of the contract, the obligation of the defendant to develop the leased lands, coupled with the ■further allegation that defendant has not complied with that obligation, the defendant’s counsel correctly say:
 

 “This is the identical argument of counsel for plaintiff in State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, and of counsel for plaintiff in Arent v. Liquidating Commissioners of the Bank of Monroe, 133 La. 134, 62 So. 602.”
 

 In the Hackley, Hume, etc., Case it was held that an allegation that defendants were
 
 holders in dad faith
 
 was merely a legal conclusion. In the Arent Case the allegations were framed in the exact language of the receivership act (Act No. 159 of 1898), and the court said:
 

 “The allegations that defendants are ‘jeopardizing the rights of the creditors by grossly mismanaging the business affairs of the bank, and by committing acts beyond their power and authority, by misusing and misapplying the funds of said bank,’ are merely conclusions of the pleader, and disclose no cause of action. Specific charges of mismanagement, or other irregularities should be pleaded.”
 

 The petition in this ease does not allege a single fact to sustain the conclusion, pleaded therein, that defendant has not properly developed the leased property and has not protected it from drainage by drilling offset wells, or has, in any respect, failed to comply with any of the obligations imposed upon it by the lease. In the Hart Case, from which we have quoted supra, the two issues mentioned were heard on the merits, and, in passing upon them, this court said:
 

 “The questions presented for decision are: First, whether plaintiff proved that the development of the lands for oil was not done ‘in the same manner as the lands of like character and value in the Caddo field are developed; ’ and, second, whether plaintiff proved that there was a failure on the part of defendant ‘to drill wells on said lands-to offset wells on the adjacent lands, as is customary in the Caddo field.’ Defendant drilled 20 oil wells on the 320 acres of land, from which plaintiff received as royalty $90,000. The wells cost the Standard Oil Company more than $650,000, and had not yielded a profit to the company when this suit was filed. There is ample proof that the number of wells that were drilled upon plaintiff’s lands, compared with the area, was a more thorough development than lands of like character in the Caddo oil field generally had.”
 

 What the court said in that ease with reference to the drilling of offset wells has been quoted supra.
 

 Plaintiffs contend that whatever may be the court’s conclusion as respects all other matters pleaded, they have sufficiently alleged a cause of action for damages. In support of this contention they cite the following eases: Davis v. Arkansas Southern Railway Co., 117 La. 320, 41 So. 589; Doullut v. McManus, 37 La. Ann. 800; Hillard v. Taylor, 114 La. 884, 38 So. 594; Borah v. O’Niell, 116 La. 672, 41 So. 29; Central Improvement & Contracting Co. v. Grasser Contracting Co., 119 La. 264, 44 So. 10; Stone v. Crescent Encampment No. 1, Teiss. Orleans App. Dig. 128 (see So. Rep. Dig.); Jacobs Candy Company v. Dennis Sheen, Teiss. Orleans App. Dig. 128 (see So. Rep. Dig.). .
 

 All of the cases cited merely adhere to the well-recognized rule that an exception of no cause of action should not be sustained as to pleas, not otherwise objectionable, upon which, if supported by evidence, the court can render some kind of judgment.
 

 
 *192
 
 That, however, is not the case which is now before us. The only alleged basis for the plaintiffs’ demand for damages is that defendant has breached its contract by failing to develop the leased lands and to drill offset wells in the same manner as lands of like character and value are operated in the Oaddo fields. Under the plaintiffs’ pleadings it is first necessary to determine that defendant has breached its contract, either by failing to comply with its obligation to develop the leased lands, or to drill offset wells, before the court can render a judgment, of any sort, on their demand for damages.
 

 As these conclusions dispose of the case, it is not necessary to consider defendant’s first defense, or to review the three well-considered authorities which are cited in support of it. For these reasons, it is decreed that the judgment appealed from be, and it is hereby, affirmed, at appellants’ cost.