## WASHINGTON–YOUREE HOTEL CO., Inc., v. UNION INDEMNITY CO.

### No. 4442.

Court of Appeal of Louisiana.
Second Circuit.

March 6, 1933.

John B. Files, of Shreveport, for appellant.

Blanchard. Goldstein, Walker & O'Quin, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff sues defendant upon a bond wherein the indemnity company agreed to pay petitioner "any pecuniary loss sustained, of money, securities, merchandise or any property, including that for which employer is responsible, caused by forgery, theft, larceny, embezzlement, wrongful abstraction or wilful misapplication, or misappropriation, or any other fraudulent or dishonest act," committed by any employees, directly or indirectly, while occupying and performing the duties of their offices, a list of which was attached to said bond, among which is listed "General Cashier." The bond is attached to and made a part of the petition.

Petitioner further alleges that while 'the bond was in force, it had in its employ, in the capacity of general cashier, one T. L. Rodrigues, who had under his exclusive control the house bank containing cash and receipts. That on May 7, 1932, plaintiff's auditor, upon checking the accounts of Rodrigues, found him "short in cash and receipts in his custody in the sum of $1,251.25. which shortage was admitted by the said T. L. Rodrigues; that said shortage was occasioned by the theft, larceny, embezzlement, wrongful abstraction or willful misapplication or misappropriation of the said T. L. Rodrigues and was a fraudulent or dishonest act within the terms and stipulations of said bond." That defendant offered to pay $300.30 to cover said loss, but refused to pay any further or additional sum; that a statement of the loss attached to and made part of the petition was given the defendant company.

The statement, upon examination, is disclosed to be an informal jumble of figures, that in no way adds to the allegations of the petition.

An exception of no cause or right of action was sustained by the lower court and plaintiff's suit dismissed. From this ruling, plaintiff has appealed.

■ The allegation that Rodrigues was short $1,251.25 is a mere conclusion of the pleader. The petition nowhere contains any statement of fact upon which this conclusion is based, such as that a certain amount was intrusted to him at a certain time and a certain lesser amount subsequently accounted for.

■■ An exception of no cause of action admits the facts well pleaded, but not conclusions of law. Ultimate facts of necessity are conclusions from intermediate and evidentiary facts. The facts from which the conclusion is drawn are what must be pleaded. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Arent v. Liquidating Com'rs, 133 La. 134, 62 So. 602; Hart v. Standard Oil Co., 168 La. 183, 121 So. 737.

■■ In an effort to save its case, plaintiff contends that a cause of action is stated as to $300.30. The allegation as to it is that defendant company offered to pay that amount "to cover said loss." The loss is alleged to be $1,251.25. An offer of $300.30 to settle a claim of four times that amount is an offer of compromise. It is not an admission of any indebtedness and if objected to is not even admissible in evidence. Razer v. Brown, 156 La. 1008, 101 So. 398; Lanier v. Hammond Lbr. Co., 141 La. 829, 75 So. 738; Chaffe, Powell & West v. Mackenzie, 43 La. Ann. 1062, 10 So. 369.

While the petition fails to disclose a cause of action, it does not show that plaintiff has not a right of action, if properly plead.

The judgment appealed from is affirmed in so far as it sustains the exception of no cause of action and dismisses plaintiff's suit, but reversed in so far as it sustains the exception of no right of action.