LANDRY, Judge.
This appeal concerns a continuation of a dispute which has been before us on two prior occasions as the result of disagreement arising over an agricultural lease executed by plaintiffs, H. H. Dinkins, Jr., and others, to defendants, Oday Broussard, and associates, covering 81 acres of farm land situated in St. Mary Parish. For our previous opinion see Dinkins, Jr., et al. v. Broussard, et al., 190 So.2d 496. The present appeal is by defendants-lessees from the judgment of the trial court ordering appellants’ eviction from the leased premises.
On the instant appeal appellants complain that the trial court failed to sustain their plea of res judicata to plaintiff s-lessors’ eviction suit and, alternatively, that the lower court neglected to recognize and preserve appellants’ right to an action to recover the value of certain crops allegedly left standing on the property of lessors. We find that the trial court properly ordered defendants’ eviction but that the judgment rendered below should be amended to preserve appellants’ right to seek recovery of the value of crops reputedly left on the leased farm.
In March, 1960, defendants obtained an agricultural lease on plaintiffs’ land, which contract provided for its termination on December 31, 1964. Nevertheless, upon expiration of the original term of the lease, defendants continued in occupancy of the farm. Six months after termination of the lease period agreed upon, plaintiffs confronted with difficulties in regaining possession of their premises and met with defendants’ refusal to remove themselves and their equipment from the farm, succeeded in obtaining an injunction restraining defendants from interfering with plaintiffs’' use of a portion of the premises. From the judgment so enjoining them, defendants, appealed. A motion to dismiss said appeal was denied. See La.App., 185 So.2d 268. Our prior opinion herein, reported at 190 So.2d 496, rescinded the injunction.
Meanwhile, on January 24, 1966, plaintiff filed the instant suit to evict defendants. From the judgment of the trial court ordering their eviction, defendants have taken this present appeal.
Although plaintiff’s first suit sought an-injunction commanding defendants’ removal from the premises in question, the judgment rendered did not order defendants to vacate. It merely prohibited defendants’ interference with plaintiffs’’ use of such portion of the leased premises as was necessary for plaintiffs to plant their 1966 sugar cane crop. The reasons for judgment handed down by the trial court at the time of rendition of judgment in the former suit contained, inter alia, the following:
“Movers have to permit defendants to. cultivate and harvest the plant and first year stubble in 1965 and that is the only purpose for which they have been allowed upon the premises. But movers have the right to go upon the premises at this time to plow and prepare the ground for the fall planting of sugar cane for the year 1966. And they can and must do so without interfering with defendants, in the cultivation and harvesting of their 1965 crops and cultivation and harvesting of their stubble in 1966.”
From the foregoing, it is clear our colleague below intended to permit defendants to remain on the leased property for the sole purpose of harvesting their stubble cane. However, the judgment itself contained no such declaration or indication of intent respecting defendants’ right to continued use of the leased property for said limited! purpose.
*638 While defendants’ appeal from the aforesaid injunction was pending before this court, the instant eviction suit was instituted by plaintiffs. Subsequent to the trial court’s rendition of the eviction order herein appealed, this court set aside the injunction initially ordered by the trial court. Defendants now assert the former injunction decree as the basis of the plea of res ju-dicata which they advance in bar of this present action.
In essence the present action alleges plaintiffs to be the owner of an 81 acre tract of land situated in St. Mary Parish. Defendants are asserted to be former lessees of subject property pursuant to a lease which reputedly terminated December 31, 1964, according to its own terms. Plaintiffs aver they permitted defendants to remain in possession of the property in question during the year 1965 for the limited purpose of harvesting the stubble cane residual to seed cane planted during the last year of the lease. Finally, plaintiffs avow notice to defendants to deliver possession of the leased premises on or before December 31, 1965, notwithstanding which defendants have refused and neglected to remove their equipment and surrender possession. The prayer of the petition is for a rule nisi ordering defendants to show cause why they should not be commanded to vacate the premises entirely.
Defendants failed to answer this present summary proceeding. Instead they filed the exception of res judicata previously noted. Basically said exception is founded ■on the contention the former judgment, rendered July 20, 1965, involved the same parties in the same capacities and adjudicated the same subject matter. More particularly, it is argued said prior judgment granted defendants the right to remain on the property for the purpose of harvesting stubble cane - during the year 1966, and prohibited plaintiffs from interfering with defendants’ aforesaid limited right of use and possession of subject property.
That appellants’ plea of res judicata is totally without merit is patent from appellants’ own pleadings. First and foremost, in so contending, appellants are relying upon a judgment nullified pursuant to their own appeal. Since the injunction previously obtained by plaintiffs was rescinded and set aside at appellants’ insistence, said injunction and whatever rights or obligations arose therefrom, ceased to exist upon the finality of the judgment of this court declaring its nullity.
Our former opinion points out that the lease in question was tacitly reconducted until the end of the year 1965 by virtue of plaintiffs having permitted defendants to remain on the property and enjoy its use subsequent to the termination date specified in the contract. Finding the lease thusly reconducted, we held the restraining order and injunction had been improvidently issued. We therefore recalled and set aside the injunction and awarded defendants attorney’s fees incurred incident to defendants’ motion to rescind.
By way of obiter dictum, our former opinion states that it appears customary in such cases that where the parties do not agree to renew the lease at expiration, usage requires the landowner either pay lessee for the stubble left in the field or permit the tenant access to the property for the limited purpose of harvesting stubble yield.
In the instant case plaintiffs timely gave unmistakable evidence of intent not to renew the lease at the end of the year 1965. Consequently there can be no conventional lease after said year, neither can there be any question regarding possible reconduction for the year 1966. Therefore, commencing January 1, 1966, with one possible exception, defendants are strangers to the premises. That one exception is the eventuality that, as contended by appellants, custom in the sugar industry, particularly in the area in which subject property is situated, dictates that the landlord must either pay for stubble left in the field or permit *639 the lessee to harvest stubble cane subsequent to expiration of the lease.
Appellants maintain the prior judgment of the trial court recognized their rights to remain on the property to harvest their stubble cane. In so arguing, appellants confuse the judgment with the reasons for judgment handed down by the trial court. In his reasons for judgment (which were not incorporated in the judgment actually rendered) the trial court noted it was customary for the landowner to either pay the tenant for stubble cane or permit its harvest by the lessee subsequent to termination of. the lease. This observation was made by the trial court on personal knowledge as the record contains no evi-dentiary showing of such custom. Defendant contends that since this portion of the former judgment was never appealed it stands as the law between the parties. With this contention we do not agree. The mentioned observation by the trial court in his reasons for judgment did not form a part of the judgment. It is well settled that the reasons for judgment do not constitute part of the final decree unless incorporated therein. LSA-C.C.P. Article 1918; Petty Realty Co. v. Continental Casualty Co., La. App., 47 So.2d 446. The former judgment merely enjoined defendants from interfering with petitioners in ploughing that portion of the land necessary for the planting of the 1966 sugar cane crop. Assuming, arguendo, the previous judgment recognized appellants’ right to remain on the land for the restricted purpose of harvesting stubble cane, our reversal thereof was complete and unconditional and had the effect of nullifying the decree in its entirety.
Prior to instituting this present eviction proceeding, plaintiff, on December 27, 1965, sent defendants a notice of eviction which stated, inter alia:
“Should your presence on this property be required after December 31, 1965, to harvest the present sugar cane crop thereon special permission must be requested in writing for this limited purpose and. adequate assurance must be given that you will vacate these premises after the completion of such harvest.
If no written request is made to remain on these premises for the limited purpose mentioned above, it will be assumed that your occupancy of this property after December 31, 1965, is not required to harvest the existing crop thereon and suit for eviction will be commenced immediately thereafter should you fail to remove from said premises on or before December 31, 1965.”
It appears .that plaintiffs’ letter impliedly acknowledges the custom asserted by appellants. However, it is well settled that a litigant relying upon local custom must plead and prove same. Hart v. Standard Oil Co. of Louisiana, 168 La. 183, 121 So. 737.
Assuming arguendo, the custom plead by appellants does indeed prevail in the sugar industry, -but without expressly so-deciding, certain conclusions inevitably result. Plaintiffs having evicted defendants prior to the 1966 harvest season and said' season having now elapsed, the question of appellants’ rights pursuant to the reputed custom have been rendered moot save and except the prerogative to demand the value, if any, of the stubble appellants were thus-denied the opportunity to harvest.
Under the circumstances, we find the ends of justice will best be served by-reservation of appellants’ right to an action against plaintiffs pursuant to the custom alleged herein by appellants. Nothing herein contained, however, is to be construed as indicative of a finding by this court that such usage does in fact exist in the sugar-industry. Said issue and the related question of value is a matter of proof in a. proper action.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court is hereby amended to preserve the right of appellants to an action against plaintiffs for *640 the value of any stubble sugar cane appellants were denied the right to harvest during the year 1966.
As thus amended, the judgment of the trial court is affirmed at appellants’ cost.
Amended and affirmed.